55548. ARGONAUT INSURANCE COMPANY et al. v. STEPHENS.

McMURRAY, Judge.

This is a workmen's compensation case. It arises from alleged aggravation of a pre-existing condition. The condition is known as aseptic necrosis, that is, a deterioration of the hip joints. Weight bearing and movement creates stress upon the hips thereby resulting in aggravation of same in walking, weight lifting and

climbing steps.

Claimant had been hospitalized in Birmingham, Alabama, for an operation in January, 1976. Upon his return to work on February 9, 1976, he was asked to obtain a release from the doctors stating he was able to go back to work. The employer received a letter dated February 20, 1976 (on March 8, 1976), clearing the claimant to return to work. However, claimant contends he was terminated on February 11, 1976 (although the employer denies it). On March 8, 1976, claimant was informed of the medical release and instructed to make immediate contact if he was interested in returning to work. Instead, on March 12, 1976, claimant made his claim of injury resulting from his employment, contending February 11, 1976, was the last day he was able to work.

Based upon the above facts the administrative law judge, after a hearing, determined that the employer had hired the claimant knowing he was handicapped and that it has hired other handicapped workers for limited duty. The administrative law judge also determined that the claimant was suffering from a progressive and deteriorating disease of the hips (aseptic necrosis) which will get progressively worse and all movement of the hip joints will aggravate the condition and that claimant has been suffering with this condition for some 10 or 15 years. Based upon the above facts claimant has not suffered an accident and injury arising out of and in the course of his employment since "aggravation of his condition, if any, by his work duty was no more than he would experience in his day to day activities while away from work."

The claim was denied, and on appeal to the full board, it adopted the findings and conclusions of the administrative law judge. Claimant then appealed to the trial court which found that the board (and the administrative law judge) based the award of the denial of compensation on an erroneous legal theory in failing to apply the correct appellate decision. *Southern Bell Tel. & Tel. Co. v. Lemon,* 142 Ga. App. 141 (235 SE2d 588). The trial court contended that the evidence showed specific instances of acts which were performed on the job and that they did contribute to the claimant's ultimate total

disability. The case was reversed, and the board was instructed to enter an award for the claimant/employee granting him compensation for being permanently and totally disabled pursuant to Code Ann. § 114-404 (Ga. L. 1975, pp. 190, 193). The employer/insurer appeals. *Held:*

We cannot agree with the learned trial judge's interpretation that *Southern Bell Tel. & Tel. Co. v. Lemon,* 142 Ga. App. 141, supra, demands a finding that since the employment duties or conditions might or could have contributed to the claimant's injury or disability the workmen's compensation board was required to find in favor of the claimant. That case determined that under the evidence *the board was authorized* either under a theory of a new accident or aggravation to determine under the any evidence rule an injury resulted arising out of and in the course of the claimant's employment. Had the board so determined here from the evidence that the evidence authorized a finding that an injury arose out of and in the course of his employment we would agree. The evidence here simply does not demand a finding that the wear and tear of ordinary life or ordinary work on the job aggravated the pre-existing infirmity so as to arise out of and in the course of his employment, when in fact there was evidence to authorize the board in determining that "his work duty was no more than he would expect in his day to day activities while away from work."

Accordingly, the trial court erred in reversing the board in rendering an award based on an alleged erroneous legal theory and in directing the board to grant the claimant compensation.

*Judgment reversed. Quillian, P. J., and Webb, J., concur.*

ARGUED MARCH 7, 1978 — DECIDED JUNE 15, 1978 — REHEARING DENIED JULY 10, 1978 —

*Hatcher, Stubbs, Land, Hollis & Rothschild, Richard Y. Bradley, Susan M. Elliott, James E. Hume, III,* for appellants.

*Alex Byars,* for appellee.