43801.   PACIFIC EMPLOYERS INSURANCE
COMPANY et al. v. IVEY.

ARGUED JULY 3, 1968—DECIDED SEPTEMBER 3, 1968.

300

*Charles L. Drew,* for appellants.

*G. Hughel Harrison,* for appellee.

DEEN, Judge. 1. The reversal of this case was based on *Aetna Cas. &c. Co. v. Cagle,* 106 Ga. App. 440 (126 SE2d 907); *Noles v. Aragon Mills,* 114 Ga. App. 130 (150 SE2d 305); and *Mallory v. American Cas. Co.,* 114 Ga. App. 641 (152 SE2d 592), all of which hold in general that an aggravation of a pre-existing injury, followed by disability requiring the employee to cease work, will extend the time for filing a claim under 'Code § 114-305 for 12 months following the onset of disability. In *Cagle* the claim was filed 17 months after the original accident and 5 months after an accident aggravating the original injury which caused the claimant to cease work on that date. In *Noles* the claim was filed 16 months after the original accident; there were several subsequent job-connected incidents and the claim was filed 5 months after the employee was unable to return to work. In *Mallory* the claimant's condition generally deteriorated after the accident; he ceased working 11 months later and filed the claim 4 months thereafter.

In the present case the first accident occurred 33 months before the claim was filed. The second incident, which the hear-

ing director found to be a new accident, occurred 14 months before the claim was filed. The employee lost 2 weeks of work due to hospitalization 8 months before the claim was filed, but did not discontinue work until the week before the hearing which was 4 months after the claim was filed.

In *Shipman v. Employers Mut: Liab. Ins. Co.*, 105 Ga. App. 487, 492 (125 SE2d 72) this court, in a case involving the gradual onset of deafness, quoted with approval from Ptak v. General Elec. Co., 13 N. J. Super. 294 (80 A2d 337) : "The practical problem of fixing a specific date for the accident has been handled in New Jersey by saying simply that the date of accident is the date on which disability manifests itself." In *Shipman* this was considered to be the date on which it was discovered that the claimant had become "industrially deaf." In *Cagle, Noles,* and *Mallory* it was, for the purpose of filing a claim at least, the date on which the claimant became disabled from working. In the present case it might well be the date on which the claimant was hospitalized, providing that after remand and the taking of medical evidence it is established that a disability manifested itself at that time and that disability was the result of an accident arising out of and in the course of the employment.

2. In *Cagle* it was held: "It is well settled that the aggravation or acceleration of a pre-existing latent infirmity is compensable." *Noles* states that the limitation runs from the date when "because of aggravation to the original injury caused by specific job-connected incidents [the employee] was unable to continue work." *Mallory* bases its identical holding on *Callaway Mills Co. v. Yates,* 106 Ga. App. 9, 10 (126 SE2d 305) where the statement was made that if, after an accident, the employee continued to perform the duties of the employment and thereby aggravated the initial injury, this would amount to a *new* "injury by accident." From all of these cases construed in the light of the findings by the board we must reach the conclusion that the aggravating injury of April 1965, was in itself a *new accident* and that the hospitalization of September or October 1965, which was the first time loss due to disability, provides the time at which the disability manifests itself and is a beginning point for the running of the one-year limitation on filing a claim,

providing, of course, the evidence as a whole authorizes such a conclusion. The dismissal of the claim without hearing this evidence on the theory that under no circumstances could the claimant recover, was erroneous and supports the remand ordered by the superior court. Since, however, the April 1965, incident is the one on which the claim was based, the 1963 injury is not in issue. If the 1965 injury, added to the 1963 injury, precipitated the disability manifested by the hospitalization, so that the gradual worsening of the claimant's condition is attributable to it as a precipitating causative factor, it matters not that the disability would not have occurred except for the fact that this accident aggravated a pre-existing condition also caused by accident. The claim was made on, and should be limited to, the consideration of whether the disability resulted from the accident on which the claim was based, either of itself or in connection with a pre-existing infirmity upon which it acted as an aggravating precipitating factor. The appellant's contention that liability in this case, if it exists, should be borne by the insurance carrier who had coverage in 1965 is correct, and Pacific Employers Insurance Co. should be dismissed as a party defendant.

The judgment of the superior court remanding the case for the taking of further evidence is

*Affirmed. Jordan, P. J., and Pannell, J., concur.*