46782. ST. PAUL FIRE & MARINE INSURANCE COMPANY et al. v. HUGHES.

DEEN, Judge. The workmen's compensation claimant Hughes suffered a work connected back injury on April 30, 1968. An agreement for payment of compensation was entered into. He returned to work for the same employer and continued until the end of July; then, when work became slack, worked for a builder, learning the carpentry trade, and then worked for his brother-in-law

who was a subcontractor for the builder. He was at all times suffering from certain physical restrictions, but drove nails, helped with insulation and trim work and other carpentry jobs. He worked steadily until January, 1970, when he again consulted a doctor. A myelogram taken in March revealed a herniated disc for which he was operated on May 18, 1970, and discharged a week later. He testified that he had had no new injury; that the work he had performed since leaving Chance, the original employer, was not such as independently to aggravate the condition, but that the pain had continued to worsen since the original injury and had finally become insupportable and necessitated his quitting. Compensation had of course been discontinued when he returned to work in July, 1968. There was medical opinion testimony that in all probability the disc extrusion was related to the original back injury. The award was, after the first remand by the superior court, examined by the full board which found particularly that there was no aggravation of the claimant's condition subsequent to the board-approved agreement of September, 1968, which would tend to affect the claimant's disability. Medical expenses for the operation, and compensation for a period of slightly over three months, was awarded and forms the subject of this appeal, which was affirmed by the Judge of the Superior Court of Cobb County.

The award is amply supported by the evidence and is without error. The position of the appellant is based on an erroneous interpretation of *Pacific Employers Ins. Co. v. Ivey,* 118 Ga. App. 299 (163 SE2d 435) and cases there cited. *Ivey* and similar cases, most of which had to do with the beginning period for running of a statute of limitation, consider the question of aggravated pre-existing injury from the standpoint of whether increased job-connected disability at a period after the employee has returned to work may causally combine with the original accident and result either in a change of condition as to the original injury or a new accident so as to prevent the

running of the statute. In *Ivey* there was a new incident which, with the original accident, resulted in disability, and, being a precipitating cause, was in itself an original accident under the oft stated rule that if an accident is a precipitating cause of the disability it matters not what pre-existing factor it combined with. The appellant in this case seeks to argue that, if this be true, it should follow that where some job-connecting aggravation of a previous injury may be presumed, the original injury can no longer be considered as entering into the causation of renewed disability. This, of course, does not follow. In the present case there not only is no evidence of a second industrial accident, but there is testimony which links up the disc rupture with the original trauma. From the rule accurately applied we reach an opposite conclusion—that even if the wear and tear of ordinary life or ordinary work to some extent aggravates a pre-existing infirmity, when that infirmity itself, stemming from the original trauma, continues to worsen, the point where the employee is no longer able to continue his work is not a *new* accident but is a change of physical and economic condition entitling the claimant to compensation under the original award.

It should further be observed that neither the present case nor *Ivey* and the cases it follows deals with a situation where the claimant is precluded from compensation by *either* employer because *both* may have adversely affected his physical health. Nor do we have in evidence here a subsequent industrial accident which would of itself stand as the cause of the disability. It cannot be argued from the fact that some reinjuries support an award as of the date of the second injury that all liability for the first industrial accident ceases on return to work. Cf. *Riegel Textile Corp. v. Vinyard,* 88 Ga. App. 753 (77 SE2d 760).

*Judgment affirmed. Jordan, P. J., and Clark, J., concur.*
ARGUED JANUARY 5, 1972—DECIDED JANUARY 20, 1972.

*Savell, Williams, Cox & Angel, John M. Williams, Elmer L. Nash,* for appellants.

*Rich, Bass, Kidd & Broome, Charles T. Bass, Richard Avery,* for appellee.