### 53556. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY v. LEMON.

MARSHALL, Judge.

The question presented in this workmen's compensation appeal by the employer, a self-insurer, is whether the claimant's total disability resulted from a "new accident" caused by aggravation by continued work of a previous compensable injury, so as to authorize the present award to the claimant under cases exemplified by *Blackwell v. Liberty Mut. Ins. Co.,* 230 Ga. 174 (196 SE2d 129) (1973), *National Union Fire Ins. Co. v. Johnston,* 122 Ga. App. 332 (3) (177 SE2d 125) (1970), and cases cited therein, or whether it resulted merely from a change of condition involving a gradual deterioration stemming from the original injury, but caused by the wear and tear of ordinary life and ordinary, nonemployment work, rather than by job-connected activities, under cases represented by *St. Paul Fire &c. Ins. Co. v. Hughes,* 125 Ga. App. 328 (187 SE2d 551) (1972) and *Allstate Ins. Co. v. Dotson,* 135 Ga. App. 128 (217 SE2d 329) (1975). (If it was the latter, the claim would be barred by the two-year limitation of Code § 114-709.)

The evidence showed that the claimant suffered an original compensable injury on December 12, 1947, while employed by the appellant; that he returned to work on May 31, 1948, but continued to experience pain and difficulty throughout the continuing years of his employment; and that, on March 28, 1975, he became no longer able to continue his work due to traumatic arthritis. There was written medical evidence to the effect that the claimant had post-traumatic arthritis, which, in the absence of other trauma, the examining physician concluded, could be fairly assumed to be related to the accident related to him by the claimant, and that the claimant's normal duties with the appellant could have aggravated this condition to the extent that he was unable to work after March of 1975. Medical testimony

that employment duties or conditions *might* or *could have* contributed to the claimant's injury or disability is sufficient to support a finding for the claimant. *Carter v. Kansas City Fire &c. Co.,* 138 Ga. App. 601, 603 (226 SE2d 755) (1976) and cits.; *City Council of Augusta v. Williams,* 137 Ga. App. 177 (2) (223 SE2d 227) (1976) and cits. The above evidence authorized the award based on the "new accident" theory under the "any-evidence" rule.

A contrary result is not demanded by the fact that the medical evidence recites that the original injury was one incurred only *nine* years previously, rather than the 1947 injury. As was pointed out in *Aetna Cas. &c. Co. v. Cagle,* 106 Ga. App. 440 (126 SE2d 907) (1962), it is not the nature of the original infirmity (e.g., an injury incurred while working for another employer, or a congenital infirmity) that is determinative, but the fact of the job-connected aggravation of such infirmity, which aggravation was here shown.

The appellant argues that the case of *St. Paul Fire &c. Ins. Co. v. Hughes,* 125 Ga. App. 328, supra, contains language which in effect contradicts the "new accident" rule as applicable to the case sub judice. The language in question, which is on p. 330, is as follows: ". . . even if the wear and tear of ordinary life *or ordinary work* to some extent aggravates a pre-existing infirmity, when that infirmity itself, stemming from the original trauma, continues to worsen, the point where the employee is no longer able to continue his work is not a *new* accident but is a change of physical and economic condition entitling the claimant to compensation under the original award." (Emphasis supplied.) The confusing term is "ordinary work," which might convey the erroneous meaning of the employee's ordinary work or duties *on his job with his employer*. The term was undoubtedly intended to mean work *other than that in his usual employment,* such as yard work, for example. Thus construed, there is no conflict with the "new accident" line of cases. Thus, in the present case, the fact that the claimant's employment duties entailed acts which might also have been done off the job, i.e., climbing stairs and driving an automobile, did not negate a finding of a "new accident" where the evidence showed that specific incidents of these acts were

performed on the job and that they did contribute to the claimant's ultimate total disability.

The award to the claimant was authorized by the evidence.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED MARCH 2, 1977 — DECIDED APRIL 15, 1977 — REHEARING DENIED APRIL 29, 1977 — 

*Martin T. Walsh, Weekes, Candler, Sams & Weatherly, R. Phillip Shinall, III,* for appellant.

*Rich, Bass, Kidd & Witcher, Charles T. Bass, Casper Rich,* for appellee.