## 55938. CENTRAL STATE HOSPITAL et al. v. JAMES.

QUILLIAN, Presiding Judge.

This is an appeal from an order of the superior court which affirmed an award of the State Board of Workmen's Compensation.

The claimant sustained an injury and an agreement to pay compensation was approved by the board. She drew compensation until such time as she returned to work.

She continued to perform the normal duties of her employment which included standing all day until, because of swelling in her leg, she was hospitalized. The record shows that the claimant did not have a specific job-related incident which aggravated the condition of her leg.

The claimant filed for a hearing to determine a change in condition within two years from the date the board was notified that the final payment had been made pursuant to a board order. After the hearing, an award was entered which held that her continued work of standing all day had aggravated her previous work-related injury causing pain and swelling to the point that it constituted a new injury. *Held:*

1. This court has had to address the issue of

distinguishing between old and new injuries on many occasions. As a result of these opinions there has been some confusion as to whether a claimant's disability results from a new injury or a change in condition. There are three situations which most frequently occur.

(a) One instance is where the claimant is injured on the job but continues to perform the duties of his employment until such time that he is forced to cease work because of the gradual worsening of his condition which was at least partly attributable to his physical activity in continuing to work subsequent to his injury. Our courts have held that the one-year statute of limitation begins to run from the date the claimant was forced to cease his employment. They base this holding on the theory that the date of the "new accident" is the date that the disability manifests itself. *Mallory v. American Cas. Co.,* 114 Ga. App. 641 (152 SE2d 592); *Blackwell v. Liberty Mut. Ins. Co.,* 230 Ga. 174 (196 SE2d 129).

If the court had held otherwise it would have penalized a claimant who attempted to continue working even though he was injured to some extent.

Therefore, that which was held in the *Mallory* and *Blackwell* cases is not in conflict with *St. Paul Fire &c. Ins. Co. v. Hughes,* 125 Ga. App. 328 (187 SE2d 551) which is discussed later in this opinion.

(b) A second example is where the claimant sustains a second accident *as the result of a specific job-related incident* which aggravates a pre-existing condition which resulted from a prior accident. In these circumstances the second accident which aggravated the pre-existing condition is a new injury, if the second accident at least partially precipitated the claimant's disability. *Aetna Cas. &c. Co. v. Cagle,* 106 Ga. App. 440 (126 SE2d 907). This is true whether the claimant is immediately disabled or if he continues to work after the second accident and his condition gradually worsens until he is forced to cease his employment. *Pacific Employers Ins. Co. v. Ivey,* 118 Ga. App. 299 (163 SE2d 435).

(c) A third situation is where the claimant sustains an injury and is awarded compensation during his period of disability. Subsequent thereto he returns to his employment performing his normal duties or ordinary

work. Then as a result of the wear and tear of ordinary life and the activity connected with performing his normal duties and not because of a specific job-related incident his condition gradually worsens to the point that he can no longer continue to perform his ordinary work. This gradual worsening or deterioration would constitute a change in his condition and not a new accident. *St. Paul Fire &c. Ins. Co. v. Hughes,* 125 Ga. App. 328, supra; *Garner v. Atlantic Building Systems, Inc.,* 142 Ga. App. 517 (236 SE2d 183).

2. *Southern Bell Tel. & Tel. Co. v. Lemon,* 142 Ga. App. 141 (235 SE2d 588) is hereby overruled for the following reasons.

In the *Lemon* case the facts were that the claimant had an accident and received compensation. Subsequent thereto he returned to his employment performing his usual duties. As a result of the wear and tear of ordinary life and the activity connected with performing his ordinary work over a period of time his condition deteriorated to the point that he was no longer able to perform his usual duties. Even though the claimant did not experience any specific job-related incident which could have constituted an accident it was held that his disability was due to a "new accident." The *Lemon* decision reached this conclusion by holding "The appellant argues that the case of *St. Paul Fire &c. Ins. Co. v. Hughes,* 125 Ga. App. 328, supra, contains language which in effect contradicts the 'new accident' rule as applicable to the case sub judice. The language in question, which is on p. 330, is as follows: '. . . even if the wear and tear of ordinary life *or ordinary work* to some extent aggravates a pre-existing infirmity, when that infirmity itself, stemming from the original trauma, continues to worsen, the point where the employee is no longer able to continue his work is not a *new* accident but is a change of physical and economic condition entitling the claimant to compensation under the original award.' (Emphasis supplied.) The confusing term is 'ordinary work,' which might convey the erroneous meaning of the employee's ordinary work or duties *on his job with his employer.* The term was undoubtedly intended to mean work *other than that in his usual employment,* such as

yard work, for example. Thus construed, there is no conflict with the 'new accident' line of cases."

We cannot agree with this rather strained construction of the term "ordinary work" which was made in the *Lemon* case. A reading of the *Hughes* case will show that the term "ordinary work" meant the claimant's ordinary or usual duties of his employment and not yard work.

If the *Lemon* case were not overruled, a claimant would almost never have a change in condition for the worse. This is true because, assuming that a claimant received an injury and was paid compensation during the period of his disability, that he returned to work and performed the normal duties of his employment for a period of time, that subsequent thereto his condition worsened, as the result of performing his usual duties and the wear and tear of ordinary life, to the point that he was no longer able to perform the ordinary work of his employment, if the *Lemon* case were followed, the claimant would be held to have had a "new accident" when in fact he would have actually had a change in condition.

As stated in section (a) of Division 1 of this opinion, it was not necessary to make the construction of the *Hughes* case as was made in the *Lemon* case to prevent the *Hughes* case from being in conflict with the "new accident" cases.

3. In the present case, the claimant's disability was not due to a new accident but was the result of the performance of her usual duties which caused her condition to deteriorate to the point that she could no longer continue in her employment. Therefore, she had a change in condition.

In the case sub judice the board and the superior court relied on the *Lemon* case which was authority at the time of their decision. However, the *Lemon* case having been overruled, this case is reversed, with direction that the State Board of Workers' Compensation (changed from the State Board of Workmen's Compensation by Ga. L. 1978, pp. 2220, 2221 effective July 1, 1978) enter an award which conforms to that which was held in this opinion.

*Judgment reversed with direction. Bell, C.J., Deen,*

*P. J., Webb, Smith, Shulman, Banke and Birdsong, JJ., concur. McMurray, J., dissents.*

ARGUED JUNE 7, 1978 — DECIDED SEPTEMBER 5, 1978 — REHEARING DENIED SEPTEMBER 28, 1978.

*Arthur K. Bolton, Attorney General, Russell N. Sewell, Jr., Assistant Attorney General, James H. Weeks,* for appellants.

*Peugh & Bradley, W. B. Bradley,* for appellee.

McMURRAY, Judge, dissenting.

On August 9, 1971, Edna Louise James, while employed by Central State Hospital, Milledgeville, Georgia, suffered an injury arising out of and in the course of her employment. The employer and employee entered into the standard form of agreement as to compensation (Form 16) agreeing that she should receive compensation from August 17, 1971, until terminated which followed on August 31, 1971, when they entered a supplemental agreement that liability for temporary total disability had ceased on that date. However, notification of final payment was not received by the State Board of Workmen's Compensation until October 20, 1975.

Thereafter, on May 9, 1977, a change in condition hearing was requested relative to a specific member disability, and a hearing was held by the board. See Code Ann. § 114-709 (Ga. L. 1937, pp. 230, 233; 1937, pp. 528, 534; 1943, pp. 167-169; 1968, pp. 3, 7; 1972, pp. 149, 150; 1973, pp. 232, 244). The administrative law judge determined, at the hearing, that the claimant continually worked from the time of her return to work until January 5, 1977, when she was hospitalized because of a swollen leg. A finding of fact was made, "that claimant's continued work by standing all day aggravated her previous work related injury and caused pain and swelling to the point where it became a new accident on her hospitalization on January 5, 1977," and that she had a specific member disability to her right lower extremity of thirty-five percent. In support of this finding the administrative law judge cited *Southern Bell Tel. & Tel.*

*Co. v. Lemon,* 142 Ga. App. 141, 142 (235 SE2d 588).

Whereupon the employer, the State of Georgia (Central State Hospital), as self-insurer, filed a direct appeal to the superior court. The superior court affirmed the award and findings of the administrative law judge, reaching the conclusion of law that legal precision is not necessary in workmen's compensation cases and where an award is subject to two constructions the court will choose that which makes the award valid, citing such cases as *Gatrell v. Employers Mut. Liab. Ins. Co.,* 226 Ga. 688, 690 (177 SE2d 77), and *American Motorists Ins. Co. v. Brown,* 128 Ga. App. 813, 814 (198 SE2d 348). Further, in construing the evidence most strongly in favor of upholding the award, the superior court held there was uncontradicted evidence of the employee/claimant that the pain and swelling and aggravation of the original injury caused her to cease work and caused her to be hospitalized where it was determined that she was suffering "chronic thrombophlebitis and probable lymphedema secondary to old lymphangitis," resulting from the "injury received with her percentage of disability estimated at about thirty-five percent," and that there was competent evidence to support the administrative law judge in the findings of fact and the award.

The majority here, in its opinion sets out various instances as to the alleged confusion as to whether a claimant's disability results from a new injury or a change of condition, reaches the decision (although it does not so state) that the administrative law judge has apparently based her opinion upon an erroneous legal theory in citing *Southern Bell Tel. & Tel. Co. v. Lemon,* 142 Ga. App. 141, supra, which the majority overrules. The majority further holds, in overruling the findings of the administrative law judge and affirmed by the superior court, that "the claimant did not have a specific job related incident which aggravated the condition of her leg"; hence, the aggravation suffered by the claimant here is not an original injury, that is, did not result from a second industrial accident but was the result of the original trauma continuing to worsen to the point where the employee was no longer able to continue her work. Therefore, this was not a new accident but a change of

physical and economic condition which entitled the claimant to compensation under the original award based upon *St. Paul Fire &c. Ins. Co. v. Hughes,* 125 Ga. App. 328 (187 SE2d 551).

In my opinion there is no conflict between the *St. Paul Fire &c. Ins. Co. v. Hughes* case (written by Presiding Judge Deen) and *Southern Bell Tel. & Tel. Co. v. Lemon,* 142 Ga. App. 141, supra (written by Judge Marshall). I find there is no conflict requiring the overruling of the *Lemon* case, although some of the language in the *Lemon* case could be said to be obiter dicta.

I agree fully with the majority in its statement that: "As a result of these opinions there has been some confusion as to whether a claimant's disability results from a new injury or a change in condition." In my view, the trier of fact must weigh the evidence and make a determination as to whether aggravation, by continued work, of a previous injury forcing the employee to cease work becomes a "new accident" or whether the aggravation in the performance of the employee's usual duties continues to worsen his physical condition until he can no longer perform the duties of his employment, resulting not in a new injury but a change of economic condition so as to entitle him to compensation for a change in condition under the original award. See *Garner v. Atlantic Building Systems, Inc.,* 142 Ga. App. 517, 518 (236 SE2d 183), wherein the board held that the claimant merely aggravated the prior injury. Therein Presiding Judge Quillian points out that the word "aggravation" has resulted in conveying two different meanings by reason of the decisions of this court in that the pre-existing condition could result in a new injury by reason of aggravation, or it could be a mere change of condition due to aggravation. Presiding Judge Quillian further pointed out in the *Garner* case that "the word 'aggravation' as used in the award of the State Board of Workmen's Compensation was intended to mean a recurrence and not a new injury."

The majority here does not seek to overrule *Mallory v. American Cas. Co.,* 114 Ga. App. 641 (152 SE2d 592). However, I am of the opinion, even though *Mallory* dealt primarily with the issue of when the statute of limitation

begins to run, that it set forth the correct definition of "new accident." In *Mallory v. American Cas. Co.,* supra, written by Chief Judge Bell, this court held: "In the instant case there was no evidence of a specific job-connected incident causing the gradual worsening of claimant's condition. But in order to invoke the ruling in *Cagle* [*Aetna Casualty &c. Co. v. Cagle,* 106 Ga. App. 440 (126 SE2d 907)], it is not necessary that there be 'a specific job-connected incident' which aggravates the previous injury. What is required is that there be an 'accident' which aggravates the pre-existing injury. Code Ann. § 114-102. 'If the employment . . . contributes to the injury it is an accident under our compensation law and is compensable . . .' *Callaway Mills Co. v. Yates,* 106 Ga. App. 9, 10 (126 SE2d 305) and citations. Under the broad definition of the term 'accident' as used in our workmen's compensation law, if the employee continued to perform the duties of the employment and thereby aggravated the initial injury, this would amount to a new 'injury by accident.' The evidence here was sufficient to authorize a finding that the gradual worsening of claimant's condition was at least partly attributable to his physical activity in continuing to work after the original injury."

In my opinion, based on the facts of each individual case, we must leave it to the finder of fact (the board) for a determination thereof even though the line of difference may be so infinitesimal as to be almost impossible for determination as to same.

I, therefore, am of the opinion that the *Lemon* case should not be overruled. Further, that the case sub judice should not be reversed "with direction that the State Board of Workmen's Compensation enter an award which conforms to that which . . . [is] . . . held in this [majority] opinion" as the administrative law judge (board) has previously made a determination of the facts and reached a decision, affirmed by the superior court, which this court must affirm under the any evidence rule since she has not based her opinion upon an erroneous legal theory.

I, therefore, respectfully dissent, as I would affirm the judgment.