## 58721. CERTAIN v. UNITED STATES FIDELITY & GUARANTY COMPANY et al.

BIRDSONG, Judge.
Workers' compensation. The claimant was injured while performing certain strenuous work, and received

compensation from that employer until he returned to work. After another similar episode the same employer assigned the claimant "light work duties" at the same wage, which he was capable of performing and which he performed for two days before quitting without notice to go to work for a second employer. For five months, he worked at the same type strenuous work which he had been medically forbidden to do at the first employer's, and from which he had been relieved to perform light work duties. After five months, although he did not have an actual new accident, his condition worsened so that he again became totally disabled and remains so to this day.

Upon these facts, the administrative law judge and the Board of Workers' Compensation held the first employer liable for workers' compensation benefits, on the theory that the claimant's disability was the result of a "change of condition" in that his condition was not aggravated by any subsequent new injury, but worsened as a result of his injuries with the first employer. See *Hartford Acc. &c. Co. v. Troglin,* 148 Ga. App. 715 (252 SE2d 213); *St. Paul Fire &c. Co. v. Hughes,* 125 Ga. App. 328 (187 SE2d 551).

One member of the board dissented at length from this ruling. On appeal, the superior court affirmed the finding of facts below but reversed the award as being contrary to the law as stated in *House v. Echota Cotton Mills,* 129 Ga. App. 350 (199 SE2d 585).

The superior court ruled that "the aggravation of the employee's pre-existing back condition, while employed by [the second employer] . . . *after the Employee had voluntarily and without notice left the light duty work provided by Moultrie Textiles, which the Employee was capable of performing,* constitutes a new accident and Moultrie Textiles is not liable . . ." (Emphasis supplied.)

In *Central State Hospital v. James,* 147 Ga. App. 308, 309 (248 SE2d 678), this court sought to deal with the considerable confusion as to whether a claimant's disability results from a new injury or a change of condition. The distinctions therein drawn by the different analyses (*James,* supra, pp. 309-310) do in general solve the problem where there is *no new actual incident or injury* and a claim is made either for a change of condition

relating to the first injury, which is a gradual worsening or deterioration as a result of the ordinary wear and tear of life (*Garner v. Atlantic Bldg. Systems,* 142 Ga. App. 517, 518 (236 SE2d 183); *Troglin,* supra; *Hughes,* supra, and see *James,* supra, pp. 309-310); or for aggravation of a pre-existing injury, which has been held to be a "new accident" (*Mallory v. American Cas. Co.,* 114 Ga. App. 641, 643 (152 SE2d 592); *James,* supra, p. 309) at least inceptually because of the intervention of the statute of limitations on a claim of change of condition. *James,* however, did not seek to make distinctions in those situations where the claimant, after he had been working for a first employer, is working for a new employer when the "change of condition" or "aggravation" occurs (see *Hughes* and *Echota,* supra).

Moultrie Mills seeks an affirmance of the superior court's holding on the ground that because the claimant's condition was aggravated by more strenuous work done for another employer than was provided in light work duties offered by the first employer, he suffered a new accident for which Moultrie would not be liable. Consistent with the rationale of *James,* supra, we are satisfied that where there is no actual new accident, ordinarily the distinguishing feature that will characterize the disability as either a "change of condition" or a "new accident" is the intervention of new circumstances. If the claimant leaves the old employer and goes to work in a different environment with a new employer, there are new circumstances with a new employer; and this is particularly true when the activity performed for the new employer exceeds the limits of the light duty offered by the old employer. Where the inability to continue to work occurs with the new employer, there are such "new" circumstances that we conclude there has been a new accident as of the date of the inability to work. This rationale is consistent with the holding in *Echota,* supra.

Appellant argues that the "any evidence" rule restricts the trial court, and this court, to a determination whether there was any evidence supporting the board's finding that the claimant suffered a change of condition, and that since there was such evidence, the board's ruling

must be affirmed. *U. S. Fidelity &c. Co. v. Reynolds,* 146 Ga. App. 615 (247 SE2d 199). See also *Crown America v. West,* 143 Ga. App. 525 (239 SE2d 208). This would be true as to a question of fact, but we conclude this rule does not apply in this case which involves a question of law.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED OCTOBER 18, 1979 — DECIDED FEBRUARY 22, 1980 —

*J. Wayne Parrish,* for appellant.
*Donald D. Rentz,* for appellees.