### 62973. SLATTERY ASSOCIATES, INC. et al. v. HUFSTETLER.

CARLEY, Judge.

Appellee-claimant Hufstetler sustained an injury to his lower back on January 5, 1979, while working on a construction project for appellant-employer Slattery Associates, Inc. Appellee received workers' compensation benefits for the periods of disability he suffered as the result of this injury. Appellee returned to work for appellant but continued to suffer lower back pain for which he received authorized treatment. In September of 1979 appellee lost his job with appellant in a general layoff. Three weeks later appellee secured employment with another employer performing work which was similar to that he had been performing previously for appellant. However, despite the fact that appellee's duties at his new job were

"not nearly as strenuous" as those previously performed for appellant and that he did not suffer an actual new injury during this subsequent employment, appellee was physically unable to work more than two and one-half days over a two week period because of his back problems. On October 20, 1979, appellee began work for yet another employer, Jones, Batson-Cook & Russell, where he also was engaged in activities which were similar to but less strenuous than those he had previously performed for appellant. Though he did not suffer a specific job-related incident, appellee was forced to quit his job on December 17, 1979, because of continual and increased back pain and because he finally elected to undergo an operation which had been recommended by the physician to whom he had eventually been referred by the doctor who had been treating his back since his original employment with appellant. The operation was performed and appellee filed a claim for workers' compensation.

A hearing was held on appellee's claim, wherein "[t]he only issue raised . . . was whether [appellee] had on December 17, 1979 sustained a change in condition from the original injury of January 5, 1979 or whether he had suffered a new injury, and whether [appellant] and its insurer, . . ., or Jones, Batson-Cook & Russell and its insurer, . . ., would be liable for the compensation paid to the claimant and the medical expenses incurred for treatment after December 17, 1979." It was appellant's contention that, as a matter of law, appellee's claim was for a "new accident" occurring on December 17, 1979 and only the employer of that date, Jones, Batson-Cook & Russell, bore responsibility for appellee's workers' compensation claim. Appellee contended that his claim was for a "change of condition" from his original injury suffered while employed by appellant and that appellant was consequently liable for his compensation claim. The administrative law judge concluded that this question of "new accident-change of condition" was a "factual issue" and found that appellee had suffered a "change of condition" for which appellant was obligated under the workers' compensation law rather than a "new accident" for which Jones, Batson-Cook & Russell would be obligated. Appellant unsuccessfully appealed this award to the full Board and then to the Superior Court. Appellant's application for a discretionary appeal to this court was granted in order that we might resolve an increasingly elusive issue of workers' compensation law, the distinction between a "new accident" and a "change of condition."

The proper classification of the basis of a claim as an "accident," "change of condition," or "new accident" hinges generally upon two factors: (1) Whether the claim seeks initial or additional compensation for the "injury"; and, (2) the proximate cause of the

injury for which compensation is being sought. A claim for a work-related injury arising from an "accident" is an initial claim for compensation. To be compensable, an "accident" claim must be filed within one year of the original job-related incident of which the employer was timely notified and requires a causal connection between the conditions under which the work was required to be performed and the injury which forms the basis for the claim. See generally Code Ann. §§ 114-102, 303, 305; *Lumbermen's Mut. Cas. Co. v. Griggs,* 190 Ga. 277 (9 SE2d 84) (1940); *Mason Inc. v. Gregory,* 161 Ga. App. 125 (1982). A claim for a "change of condition" is a claim for additional compensation under the original award. A "change of condition" claim for additional compensation is predicated upon the claimant's gradually worsening condition, from the wear and tear of performing his usual employment duties and of ordinary life, to the point that he can no longer continue to perform his ordinary work. See generally *Central State Hospital v. James,* 147 Ga. App. 308 (248 SE2d 678) (1978); *Garner v. Atlantic Bldg. Systems,* 142 Ga. App. 517 (236 SE2d 183) (1977). A claim for a work-related injury arising from a "new accident" is also an initial claim for compensation, but, unlike an "accident" claim, it has not been filed within one year of the occurrence of an *original* job-related incident of which the employer was timely notified. See generally *Mason, Inc.,* 161 Ga. App. 125, supra. An award for disability arising from "new accident" must be predicated upon the filing of a claim within one year from either the date the claimant was forced to cease work because of the gradual worsening of his condition (which was at least partly attributable to his physical activity in continuing to work subsequent to his original job-related incident) or the date of the occurrence of a subsequent specific job-related incident which aggravates the claimant's pre-existing, and theretofore, uncompensated condition. See generally *Hartford Ins. Group v. Stewart,* 147 Ga. App. 733 (250 SE2d 184) (1978).

The above stated rules, while themselves not without some degree of elusiveness, provide a fairly cogent framework for determining the basis for and compensability of an employee's claim for compensation, at least where all the elements of compensability occur in the course of the claimant's same employment. However, as the cases demonstrate, where employment with a different employer intervenes between either the original job-related incident or the original award and the subsequent claim, the ultimate questions of compensability and employer liability for "new accidents" and "changes in conditions" become more complex. In *House v. Echota Cotton Mills,* 129 Ga. App. 350 (199 SE2d 585) (1973), the employee suffered his original job-related back injury on May 22, 1970. The

employee quit his employment on June 4, 1970 and thereafter engaged in a series of jobs. During the course of his subsequent employments, the employee did not suffer a specific injury, but his back problems continued to worsen. Finally, the employee ceased working entirely on May 4, 1972, and on September 15, 1972, filed a claim for workers' compensation against his original employer on the basis that the back injury he had received while on that job had become "aggravated" to the point of disability. It is readily seen from the above discussion that the employee's initial claim, to be compensable and not otherwise barred by the one-year statute of limitations, had to be premised on the theory that the aggravation of the original injury of 1970 to the point of disability in 1972 was a "new accident." This Court held that the employee's initial claim for a subsequent "new accident," predicated as it was upon the subsequent aggravation to disability of his original back injury, could not be asserted against his original employer but had to be brought against the employer for whom he worked at the time he suffered the "new accident." "Section 114-102 defines 'injury' as meaning 'only injury by accident *arising out of and in the course of the employment.*' What is meant by *the* employment? We conclude that it means the employment with the party from whom compensation is sought. And how can it be said that it arises out of or in the course of the employment of that party if it occurs while working at a different employment, different kind or type of work and for a different employer? His claim must rest upon the 'new accident' theory, . . ., and the 'new accident' did not occur while claimant was in the employment of Echota Mills. Any claim that the claimant may have had arising out of the original injury was barred by Code § 114-305 because no claim was filed therefor within a year from the time it occurred." *House,* 129 Ga. App. at 352, supra. Thus, *House* stands for the following proposition: When the *initial* claim is based upon the "new accident" theory it must be asserted against that employer in whose employment the proximate cause of the "new accident" — the aggravation of the original uncompensated injury — occurred.

In *Certain v. U. S. Fidelity &c. Co.,* 153 Ga. App. 571 (266 SE2d 263) (1980), the claimant was injured while performing certain "strenuous work" and received workers' compensation from his employer until returning to work. After another similar episode the employer assigned the claimant "light work duties" which he was capable of performing and which he performed for two days before quitting without notice to enter different employment. During the five months that the claimant worked for the second employer he performed the same strenuous work which he had been medically forbidden to do for his original employer and from which he had been

relieved to perform light work duties. After five months, although the claimant did not have an actual specific job-related incident, his condition worsened so that he again became totally disabled. Upon these facts the claimant was awarded compensation from the original employer on the theory that the subsequent disability was the result of a "change of condition" in that his condition was not aggravated by any subsequent new injury, but worsened as a result of his injuries with the first employer. This award was reversed by the superior court and, on appeal, the reversal of the award was affirmed by this Court. "[W]e are satisfied that where there is no actual new accident, ordinarily the distinguishing feature that will characterize the disability as either a 'change of condition' or a 'new accident' is the intervention of new circumstances. If the claimant leaves the old employer and goes to work in a different environment with a new employer, there are new circumstances with a new employer; and this is particularly true when the activity performed for the new employer exceeds the limits of the light duty offered by the old employer. Where the inability to continue to work occurs with the new employer, there are such 'new' circumstances that we conclude there has been a new accident as of the date of the inability to work." *Certain,* 153 Ga. App. at 573, supra. Appellant in the instant case asserts, in essence, that *Certain* stands for the proposition that when the employee receives workers' compensation from his original employer and then leaves that employment for another and subsequently suffers what would otherwise be a "change of condition," the original employer is insulated from workers' compensation liability, the subsequent employer being solely liable therefor as for a subsequent and separately compensable new "accident." In short, appellant contends that *Certain* establishes that, as a matter of law, *any* change of employment intervening between an initial award of compensation and the employee's subsequent disability insulates the original employer from workers' compensation liability to the employee for "change of condition" and the claimant is limited to a new "accident" claim against his current employer.

We do not interpret *Certain* as establishing an absolute rule that any change in employment, standing alone, cuts off the workers' compensation liability of an original employer for a claim for an injury which is in fact the proximate "result of the wear and tear of ordinary life and the activity connected with performing [the claimant's] normal duties and not because of a specific [subsequent] job-related incident . . ." *Central State Hospital,* 147 Ga. App. at 310, supra. Rather, we believe *Certain* merely establishes, as a matter of law, the point at which an employee's subsequent claim for disability

must be considered as a separately compensable "accident" assertable solely against the new employer rather than a claim for additional compensation under the original award assertable solely against the original employer. That point where, even in the absence of a subsequent specific job-related incident the disabling "injury" for which compensation is being sought must be considered as the proximate result of an "accident" occurring in the new employment and thus presenting a claim for initial rather than additional "change of condition" compensation, exists when the claimant's new employment involves "new" circumstances in a "different" environment and thus is sufficient to serve as the intervening, superceding cause of the claimant's gradually worsening condition. "If the claimant leaves the old employer and goes to work in a *different environment* with a new employer, there are *new circumstances* with a new employer; and this is particularly true when the activity performed for a new employer exceeds the limits of the light duty offered by the old employer. Where the inability to continue to work occurs [in a different work environment] with the new employer, there are such 'new' circumstances that we conclude there has been a [subsequent and separately compensable] accident as of the date of the inability to work." (Emphasis supplied.) *Certain,* 153 Ga. App. at 573, supra. Thus, when the claimant's gradually worsening condition to the point of disability occurs in a subsequent employment which places the claimant in new circumstance in a different environment, the disability cannot be found to be the proximate result of the claimant's continued performance of such "ordinary work" as that in which he was engaged at the time of the original trauma and thus his disability cannot be a mere "change of condition" entitling the claimant to additional compensation from his former employer under the original award. As thus construed, the decisive issue in ultimately determining whether the claimant has proximately suffered a "change of condition" or a separately compensable "accident" during his subsequent employment is, assuming there is no subsequent specific job-related incident, whether the environment and circumstances of the new employment are "new" and "different" from those which would have existed in the "ordinary work" encompassed by the claimant's previous employment. If the environment and circumstances surrounding the new employment differ from the claimant's previous "ordinary work," the claimant's gradually worsening condition is, as a matter of law, causally connected with the "ordinary work" associated with those new and different circumstances which exist in the subsequent employment. As such, the worsening of the claimant's condition to a point of disability must be considered as the proximate result of those

circumstances and, consequently, as a new "accident" occurring in that subsequent employment and initially compensable as such solely by the new employer. *Certain,* 153 Ga. App. 571, supra.

On the other hand, if the subsequent employment presents essentially the same circumstances and environment as the claimant's previous "ordinary work," any gradual worsening of the claimant's pre-existing condition in that subsequent employment is not a separately compensable "accident" proximately arising in that employment but a mere "change in his condition" stemming from the original trauma for which the original employer was liable. In such a situation, the claimant's subsequently appearing disability stems solely from the original trauma and, there being no true "intervening" circumstances or environment in the new employment which differ from the claimant's previous "ordinary work," the claim is one essentially for additional compensation for the original "accident" premised upon the subsequent manifestation of an additional compensable economic "injury," the disability, which arose out of that original compensable accident. Compare *House,* 129 Ga. App. 350, supra; *Certain,* 153 Ga. App. 571, supra. To hold otherwise would, in effect, allow the original employer to avoid workers' compensation liability for a claim for an additional "injury" which arose by accident occurring while the claimant was in his employ but which did not manifest itself until subsequently and would likewise subject the subsequent employer to workers' compensation liability for an "injury" which did not arise by accident occurring while the claimant was in his employ but which merely manifested itself at that time.

Accordingly, we hold that when other employment intervenes between an original award of compensation and a claimant's subsequent disability, an award against the original employer based upon "change of condition" is not, as a matter of law, barred unless the subsequent employment, in which the gradual worsening condition occurred, evidences a work environment and work circumstances which are "new" and "different" from those existing in the claimant's previous "ordinary work." It is only then that it can be said that the claimant has suffered a compensable "accident" arising out of his subsequent employment rather than a mere economic "change of condition" proximately resulting from his original "accident."

The application of the above stated rule in the instant case demonstrates the following: After appellee had lost his job with appellant, he obtained employment with another employer, performing essentially the same, though less strenuous, "ordinary work" duties as he had performed for appellant. During the two

weeks of this subsequent similar but less strenuous employment appellee was physically able to work only two and one-half days, not due to the occurrence of a specific job-related incident, but because of the back problem which had arisen from the "accident" he suffered in appellant's employ. Thereafter appellee secured another job and told his foreman that he had a back problem and that "he would just have to see whether he could do the job." Even though he was again performing similar but less strenuous work than he had performed for appellant and suffered no specific job-related incident, appellee was unable to perform his "ordinary work" because of back pain. He finally was forced to quit work and undergo back surgery which the physician to whom he had been referred by his original doctor had been recommending for "a good while." Under this evidence, appellee's activities in those employments subsequent to working for appellant were so similar to his work for appellant and so circumscribed by his previous "accident" as not to constitute the performance of duties other than those he would or could have performed had those subsequent employments not intervened between the original "accident" and the subsequent disability. The subsequent employments were therefore "intervening" only in a temporal and not a causal sense. The evidence authorizing a finding that appellee suffered no subsequent specific job-related incident but that his condition following the original "accident" gradually worsened to the point of disability as the result of the wear and tear of ordinary life and the performance of his otherwise "ordinary work," the award of compensation against appellant for appellee's "change of condition" rather than against the subsequent employer for appellee's "accident" was not erroneous. Accordingly, the order of the superior court affirming the award in the instant case is affirmed.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 24, 1982.

*Cullen Hammond,* for appellants.
*William E. Cetti, Donald M. Shivers,* for appellee.