63315. BEERS CONSTRUCTION COMPANY et al. v. STEPHENS.
63399. HENSEL-PHELPS CONSTRUCTION COMPANY et al. v. STEPHENS.

BIRDSONG, Judge.

We granted discretionary cross appeals by two employers and their respective insurers against the claimant and each other in this

workers' compensation case. The specific facts found by the administrative law judge (ALJ), which are not challenged on appeal, are that the claimant Stephens sustained a back injury in 1972 while working for Beers Construction Company (Beers), but was released to return to normal work duties in 1976. He worked for Beers for four more months until he was laid off. He subsequently worked for another construction company before he became employed by Hensel-Phelps Construction in 1977. He worked for Hensel-Phelps seven months; his duties were pulling nails, shoveling dirt, backing in concrete trucks, and picking up materials weighing less than 25-30 pounds. The claimant worked long hours for Hensel-Phelps, often 50 or 60 hours a week; three weeks before he became disabled, he worked 83.6 hours in one week.

The ALJ found that the long hours that the claimant worked combined with the repeated bending and lifting were the cause of an additional injury in a different area of the spine from the previous injuries which to an extent had caused a chronic back condition. The ALJ concluded that the claimant's disability of September 9, 1977 "was a result of the recent aggravation of his pre-existing condition [new accident], which was incurred at Hensel-Phelps Construction Co. and was not a change of condition of the 1972 injury" which claimant had sustained at Beers Construction Company.

Hensel-Phelps appealed to the Workers' Compensation Board but Beers, no doubt satisfied with the award in its favor, did not, and neither did the claimant, who had won the award he asked for and was hardly in a position to complain. The board reversed the award of the ALJ upon a de novo consideration of the evidence, and without refuting the specific facts found by the ALJ, found "claimant did not sustain a new injury on September 9, 1977, but underwent a change of condition related to his injury of May 2, 1972. *Hartford Accident &c. Co. v. Troglin,* 148 Ga. App. 715 (252 SE2d 213); *Central State Hospital v. James,* 147 Ga. App. 308 (248 SE2d 678)." At this, Beers appealed to the superior court, which reversed the decision of the board and remanded the case to the board for additional findings in light of *Certain v. U. S. Fidelity &c. Co.,* 153 Ga. App. 571 (266 SE2d 263) on the question whether the claimant's injury was the result of a change in condition or a new accident. Each employer then sought this discretionary appeal. *Held:*

1. Beers contends that since neither it nor the claimant appealed from the ALJ's award denying recovery against Beers on the change of condition theory, and since Hensel-Phelps' appeal to the board only attacked the ALJ's finding of new accident, the ALJ's award in Beers' favor was a final judgment, Beers should have been dismissed as a defendant in the case, and the board had no

jurisdiction to hear a claim of change in condition against Beers. Appellant Beers cites *Bryant v. J. C. Distributors,* 108 Ga. App. 401 (133 SE2d 109) as controlling on this issue. However, we think the case of *Aetna Cas. &c. Co. v. Allstate Ins. Co.,* 150 Ga. App. 345 (258 SE2d 31) controls here. Moreover, Hensel-Phelps' appeal to the board from the ALJ's finding of new accident necessarily involves the question whether the claimant suffered a change of condition. Most importantly, however, neither Beers nor the claimant could be expected, much less compelled, to appeal an ALJ award in their respective favors.

2. Beers contends the trial court erred in not holding that as a matter of law the claimant suffered a "new accident" (aggravation of pre-existing condition) while in the employ of Hensel-Phelps. In its own appeal, appellant Hensel-Phelps contends there was ample evidence to support the board's ruling of change of condition, and that the board's award was de novo and should have been affirmed under the any evidence rule (see *Liberty Mut. Ins. Co. v. Williams,* 129 Ga. App. 354 (199 SE2d 673)); further that the trial court was without authority to reverse the board's award since *Certain v. U. S. Fidelity &c. Co.,* supra, is factually distinguishable from this case.

A stringent analysis of cases where a claimant claims against two different employers for either a new accident (aggravation of pre-existing injury, which would render the second employer liable) or a change of condition (which would render the first employer liable) convinces us that these cases are in principle not different from cases such as *Central State Hospital v. James,* supra, where the successive injuries occur with a single employer and where the "new accident" theory of recovery evolved essentially to escape the statute of limitations on a change of condition claim. See Code Ann. § 114-709 (a) (3); *Certain,* supra, p. 573. In such single employer cases, if the disability occurs as the result of the claimant's performing "usual," "normal," or "ordinary" work duties, it is not a new accident (aggravation of pre-existing condition), but is a change in condition. *James,* supra, pp. 310-311.

In the two-employer cases, however, the fact that the first employer can have no control of the work activities of an employee who leaves its employ to work elsewhere must be specifically recognized. In *St. Paul Fire &c. Co. v. Hughes,* 125 Ga. App. 328 (187 SE2d 551), the claim of new accident was apparently made against the claimant's first employer, but we held that there was no aggravation of the pre-existing injury (new accident) attributable to the first employer (see the later case of *House v. Echota Cotton Mills,* 129 Ga. App. 350 (199 SE2d 585), which specifically held that such a

claim of new accident cannot be made against an original employer), but that the claimant's condition was a change of condition entitling him to compensation under the original award, for the work performed by the claimant after leaving his first employer "was not such as independently to aggravate the condition, but . . . the pain . . . continued to worsen since the original injury. . . ." (*Hughes,* supra, pp. 329-330). In *Hartford Accident &c. Co. v. Troglin,* supra, p. 716, we held that the disability of the claimant who claimed a new injury with a new employer was "the result of the gradual worsening of his condition due to the *normal wear and tear* of performing the *normal duties* of his employment and was therefore a change in condition." (Emphasis supplied.) In *Certain,* supra, p. 573, we held, "If the claimant leaves the old employer and goes to work in a different environment with a new employer, there are new circumstances with a new employer; and this is particularly true when the activity performed for the new employer exceeds the limits of the light duty offered by the old employer." The decision in *Certain* that the claimant had suffered a new accident and not a change of condition was not controlled by the mere fact that the claimant was employed by a new employer in a different environment but by the additional new circumstances that the work performed for the second employer exceeded the limits of light work duties offered by the previous employer. All of these two-employer cases are consistent with *James,* supra, p. 310, which even in dealing with one-employer cases, made it clear that disability "as a result of wear and tear of *ordinary* life and the activity connected with performing his *normal* duties" is a change of condition and not a new accident (emphasis supplied); and where we went so far as to reverse *Southern Bell Tel. &c. Co. v. Lemon,* 142 Ga. App. 141 (235 SE2d 588) because it had held that when the claimant Lemon became disabled after resuming his *usual* duties and *ordinary* work, he had suffered a new accident.

Thus, in *St. Paul Fire &c. Co. v. Hughes,* supra, *Hartford Accident &c. Co. v. Troglin,* supra, and in *Certain v. U. S. Fidelity &c. Co.,* supra, we in effect recognize that an employer who has no control over the work of an employee who leaves that employ and goes to work for a second employer, so that where he performs for the second employer work "such as independently to aggravate the condition" (see *Hughes,* supra), or performs work beyond usual, ordinary or normal limits (see *Troglin,* supra; *James,* supra), or performs work more strenuous than or exceeding the limits of light work duties offered by the previous employer (*Certain,* supra), his disability is not a change of condition to be laid at the feet of the first employer, because it cannot be presumed to be the result of wear and tear of ordinary life in connection with performance of *normal* duties

(*James,* supra) for which the first employer should be liable. It is an aggravation of a pre-existing condition (new accident) and must be presumed to be so, unless in some rare case the evidence clearly and undisputedly shows that the claimant's condition was not affected by the more strenuous, aggravating, supra normal work at the second employer but was undisputedly related only to the previous injury.

The ALJ found in this case that the exceedingly long hours the claimant worked for the second employer Hensel-Phelps, combined with repeated bending and lifting "was the cause of an additional injury to the claimant's back . . . in a different area of the spine from the previous injuries which to an extent had caused a chronic back condition." The board "upon de novo consideration" did not make new factual findings and did not refute the specific facts recited by the ALJ but merely held, "the evidence shows there was not a specific incident which occurred on the job with Hensel-Phelps which would amount to a new injury by aggravation of claimant's pre-existing condition." The board erred in this legal presumption, for as we made clear in *James,* supra (and see esp. *Blackwell v. Liberty Mut. Ins. Co.,* 230 Ga. 174, 175 (196 SE2d 129)) a "specific incident" is not prerequisite to a finding of new accident (aggravation). The board, without making new specific factual findings, interpreted the evidence to show "a gradual deterioration of claimant's condition due to the wear and tear of ordinary life and ordinary work," and found a change of condition. The board erred as a matter of law in this, because the specific facts found by the ALJ, which the board did not refute or find differently, do not show a gradual deterioration due to wear and tear of *ordinary life and ordinary work,* but show that the claimant worked exceedingly long hours at employment over which the first employer Beers had no control, and this is not one of those rare cases where the evidence shows undisputedly that the claimant's disability was unrelated to the unusual, supra normal work he was performing at Hensel-Phelps at the time of his disability. As a matter of law, this precludes a finding of liability on the first employer based on change in condition. The superior court was correct in reversing the board's award, but was incorrect in remanding the case for a determination under *Certain,* supra, because as a matter of law the facts in this case show a new accident under *Certain.*

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Banke, J., concur.*

DECIDED APRIL 9, 1982.

*Clifton Woodson, Richard W. Best,* for appellants (case no. 63315).

*Lawson A. Cox II, William S. Goodman,* for appellants (case no. 63399).

*Sam D. Price, William S. Goodman, Lawson A. Cox II, H. Clifton Woodson,* for appellee.