68233, 68234. GEORGIA-PACIFIC CORPORATION v. SANDERS; and vice versa.

BIRDSONG, Judge.

We granted the claimant's and the employer's cross petitions for discretionary review of the superior court's affirmance of the award of the State Board of Workers' Compensation in this case. On September 15, 1981, the claimant filed a claim for workers' compensation

benefits based on a change in condition. The board determined that the claimant was disabled as a result of a change in condition and awarded the claimant medical expenses and attorney fees. However, the board refused to award weekly benefits on the ground that the claimant had not filed his claim within two years after the date of notice of final payment of claim as required by former Code Ann. § 114-709 (Ga. L. 1920, p. 167, Sec. 45; Ga. L. 1937, p. 528; Ga. L. 1968, p. 3, Sec. 5; Ga. L. 1972, p. 149, Sec. 1; Ga. L. 1973, p. 32, Sec. 9) (now OCGA § 34-9-104, as amended by Ga. L. 1978, p. 2220, Sec. 13). In the main appeal, the employer challenges the superior court's affirmance of the board's finding of a change in condition rather than a new accident and the board's award of attorney fees. In the cross-appeal, which we will first address, the claimant challenges the denial of compensation benefits.

This claim arose from a serious foot and ankle injury sustained by claimant while working for employer on March 19, 1974. Claimant underwent several medical and surgical procedures between 1974 and 1976. On September 23, 1976, claimant was awarded a lump sum settlement based upon an 18 percent loss of use of his left leg. Employer filed with the board a notice of final payment on October 8, 1976. Although the September 23, 1976, payment represented the final payment of weekly benefits, employer continued to pay claimant's ongoing medical expenses.

The claimant's work history subsequent to his accident showed that he returned to work on August 28, 1974, but became totally disabled again on November 7, 1974. He next returned to work on March 28, 1975, and continued working until December 11, 1975, when another period of disability commenced and continued until January 2, 1976. On October 12, 1976, he left the employ of Georgia-Pacific. After working with another employer for a brief period of time, claimant began employment with Amax Forest Products Company, now St. Regis Paper Company, in Florida. He continued to work with Amax/St. Regis until January 20, 1981, when another period of disability prevented him from working until March 29, 1981. His final period of disability commenced on June 4, 1981, and continued until the time of the hearing before the administrative law judge. During his employ with Amax/St. Regis, the claimant received two promotions.

During his last period of employment with Georgia-Pacific, claimant's job title was chip and saw operator. He also performed some machine maintenance. After walking 200-300 yards from his vehicle to his work station, he would proceed "downstairs" to retrieve "a dozen knives and saws." After changing the saws and knives, which required climbing upon the saw and took 45 minutes to 1 hour, he operated the machine from an operating room. He sometimes performed maintenance on the machine for approximately one-half hour

during his lunch break. He testified that he also handled lumber on occasion. After his promotion to the maintenance department at the Amax/St. Regis facility in August 1978, claimant was responsible for both routine and emergency repairs on all the equipment at the 25-acre plant. He generally walked from one piece of equipment to another, and he testified that this job at times involved more walking than did his job at Georgia-Pacific. He occasionally had to traverse stairways.

The medical records reveal that claimant began experiencing problems with his left leg in late 1977 or early 1978. Shortly thereafter, he developed additional problems with his left heel, which resulted in surgery in 1981. *Held*:

1. It is undisputed that the notice of final payment of income benefits was filed by employer on October 8, 1976. It is equally undisputed that employer continued to pay claimant's medical expenses. The issue presented by the cross-appeal is whether the two-year statute of limitations contained in the predecessor to OCGA § 34-9-104 (Code Ann. § 114-709) commenced on the date on which employer filed the notice of final payment, or whether the statute did not commence on that date because of the continued payment of medical benefits by employer. Both parties agree that the statute applicable to this claim is the one in existence prior to the 1978 amendment because this claim arose from an injury occurring in 1974. *Hart v. Owens-Illinois*, 250 Ga. 397 (297 SE2d 462).

The relevant statute provided the following: "The State Board of Workmen's Compensation may, *not later than two years from the date that the board is notified that the final payment of a claim has been made* pursuant to the board order, review any award or any settlement made between the parties and approved by the board, and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded or agreed upon. . . ." (Emphasis supplied.) Code Ann. § 114-709 (Acts 1920, p. 167, Sec. 45; 1937, p. 528; 1968, pp. 3, Sec. 5; 1972, pp. 149, Sec. 1; 1973, p. 32, Sec. 9). The claimant contends that the two-year statute did not begin to run from the date on which the notice of final payment was filed in this case because employer continued to pay medical expenses. Both the superior court and the board disagreed and held that the two-year statute began to run from the date on which final notice of payment of weekly benefits had been given.

The superior court based its decision on *Gen. Ins. Co. of America v. Bradley*, 152 Ga. App. 600 (263 SE2d 446). In that case we held that the two-year limitation contained in Code Ann. § 114-709, as it existed prior to the 1978 amendment, did not apply to a claim for additional medical benefits, which was governed by Code Ann. § 114-501 (now OCGA § 34-9-200). From that holding the superior court in

this case concluded that payment of medical benefits after final notice and payment of weekly benefits did not affect the running of the two-year statute of limitation from the final notice and payment of weekly benefits.

This precise situation has been addressed by this court. In *Standard Accident Ins. Co. v. Skinner*, 118 Ga. App. 288, 290 (163 SE2d 321), we held that the two-year statute of limitation began to run upon notification to the board, unless the notification preceded "final payment," and that "final payment" included payment of medical expenses. The court stated: "[W]e think the evidence in this case shows conclusively that *the last payment on the claim was one paid for medical expenses in September 1965*, and the claim based upon change of condition was filed within two years of that date. While the date of notice of final payment and not the date of final payment is the date from which the statute begins to run, this does not mean that the statute begins to run from a notice of 'final payment' of the claim when final payment has not actually been made." (Emphasis supplied.) Id. Thus, the court held the claim based on change in condition was not barred despite the facts that the notice of final payment and final payment of weekly benefits had been completed by September 1961, and the claim was not filed until January 1967.

Although employer attempts to distinguish *Standard Accident* on the ground that it interpreted former OCGA § 34-9-104 prior to the 1968 amendments, it is clear that the wording of the portion of the statute containing the two-year limitation period has not changed substantially. The statute under consideration in *Standard Accident* provided that the application for change in condition must be filed "within two years from the date that the board is notified of the final payment of claim. . . ." The pre-1978 statute under consideration in this case contains identical ("final payment of a claim") language. Thus, under the holding in *Standard Accident*, claimant's application for weekly benefits based on a change of condition is not barred by the two-year statute of limitations applicable to this case. We do not agree that *Standard Accident* has been overruled by *Bradley*. *Bradley* merely held that the two-year limitation period contained in OCGA § 34-9-104 had no bearing on an application for medical benefits based upon a change in condition. The issue of whether payment of medical benefits subsequent to final payment and notification of weekly benefits tolled the running of the two-year statute was not under consideration in *Bradley*.

We decline to overrule *Standard Accident* in this case. The concept of "final payment of claim" adopted by this court in *Standard Accident* and engrafted onto OCGA § 34-9-104 followed closely the Supreme Court's definition of "compensation" as that term is used in the Act. In *Chevrolet Div., GMC v. Dempsey*, 212 Ga. 560 (93 SE2d

703), the Supreme Court held that where an employer furnished medical expenses, the payment of medical expenses constituted a payment of compensation which suspended the running of the statute of limitation for filing a claim for compensation. " 'Where an employer or his insurance carrier has furnished or paid for medical and hospital services to an injured employee, it is generally held that this constitutes a payment of compensation, or a waiver which suspends the running of the time for filing a claim for compensation.' [Cit.] . . . an award of medical expenses is an award of compensation within the meaning of the act." Id. at 564. See also *Leavell v. Life Ins. Co. of Ga.*, 165 Ga. App. 770, 772 (302 SE2d 623). Because pre-1978 Code Ann. § 114-709 did not define "final payment of claim," this court in *Standard Accident* interpreted that phrase to be inclusive of all forms of compensation payments, including medical benefits.

It is noteworthy that *Standard Accident* has been effectively overruled by the 1978 amendment to OCGA § 34-9-104. In its present form, the statute clearly specifies that the application must be filed within two years "of final payment of income benefits. . . ." See also OCGA § 34-9-82 (a). However, as previously stated, because this claim arose from an injury that occurred in 1974, the 1978 amendments to OCGA § 34-9-104 have no bearing on this claimant's right to a review of his case based on a change of condition. *Hart v. Owens-Illinois*, supra. The superior court and board erred in concluding that the claim for income benefits was barred by the two-year statute of limitation contained in OCGA § 34-9-104.

2. In the main appeal, employer requests reversal of the superior court's affirmance of the board's conclusion that claimant had undergone a change in condition rather than a new accident. The employer cites *Beers Constr. Co. v. Stephens*, 162 Ga. App. 87 (290 SE2d 181); *Slattery Assoc. v. Hufstetler*, 161 Ga. App. 389 (288 SE2d 654); and *Certain v. U. S. Fidelity &c. Co.*, 153 Ga. App. 571 (266 SE2d 263), as support for its position that the facts in the present case show a new accident rather than a change in condition as a matter of law.

We do not agree with employer's construction of the evidence in this case. While clearly there is some evidence supporting employer's argument that claimant's duties at the Amax/St. Regis facility were different from his duties with Georgia-Pacific and that the difference aggravated his pre-existing condition as a result of the 1974 accident, the evidence as a whole also supports the conclusion adopted by the board and the superior court that claimant's duties with Amax/St. Regis were not " 'new' and 'different' from those existing in the claimant's previous 'ordinary work.' " *Slattery Assoc.*, supra, p. 395. As in *Slattery Assoc.*, the evidence authorized "a finding that [claimant] suffered no subsequent specific job-related incident but that his condition following the original 'accident' gradually worsened to the

point of disability as the result of the wear and tear of ordinary life and the performance of his otherwise 'ordinary work' . . . ." Id. at 396. This case differs markedly from *Beers* and *Certain*, wherein the claimants' subsequent employments clearly involved new and aggravating conditions. We held that in such cases a claimant has undergone a new accident rather than a change in condition as a matter of law. *Beers*, supra, p. 91; *Certain*, supra, p. 574. Because the evidence does not conclusively establish either a change in condition or a new accident, our inquiry on appeal is limited to a consideration of whether the board's finding of a change in condition is supported by any evidence. *Howard Sheppard, Inc. v. McGowan*, 137 Ga. App. 408, 410-411 (224 SE2d 65). Consequently, the finding of a change in condition in this case must be affirmed.

3. The employer also enumerates as error the award of attorney fees based upon the finding that employer's contention of a new accident was unreasonable.

"Whether or not reasonable grounds for resisting [an award of compensation] exist is an issue of fact for the board to determine." *American Motorist Ins. Co. v. Corbett*, 144 Ga. App. 845, 847 (242 SE2d 748). However, "[a]ttorney fees may not be awarded where the matter was closely contested on reasonable grounds." *Pacific Employers Ins. Co. v. Peck*, 129 Ga. App. 439, 442 (200 SE2d 151). See also *Employers Ins. of Wausau v. Brown*, 147 Ga. App. 866 (2) (250 SE2d 575). The evidence in this case clearly provided a reasonable basis for employer's contention that claimant's latent disability was the result of an aggravation of his pre-existing condition caused by new and more strenuous activities with Amax/St. Regis. Although this conclusion was ultimately rejected by the board and the superior court, the record contains no evidence upon which to base a finding of unreasonableness with respect to employer's defense of this claim. Accordingly, the superior court erred in affirming the board's award of attorney fees.

4. In view of our holding in Division 1 above, this claim must be remanded for determination of income benefits, if any, due claimant as a result of his change in condition. The award of attorney fees is reversed. Otherwise, the superior court's judgment is affirmed.

*Judgment affirmed in part and reversed in part and case remanded. Quillian, P. J., and Carley, J., concur.*

DECIDED JULY 10, 1984 —
REHEARING DENIED JULY 30, 1984 — 

*Andrew J. Hamilton, Gwendolyn R. Tyre*, for appellant.

*John M. Williams, Benjamin H. Terry,* for appellee.