69293. HAMPTON v. HOWARD BAER, INC. et al.
(323 SE2d 701)

BANKE, Presiding Judge.

The claimant in this workers' compensation case injured his right wrist in January of 1979, while working as a local deliveryman for Howard Baer, Inc. He was paid disability benefits until March of that year, when he returned to work for another employer. After driving for a series of "long-haul" trucking companies, he ceased work in February of 1981 for the stated reason that he could no longer drive because his wrist was giving him too much trouble. This appeal follows the denial of his claim for renewed disability benefits based on a change in condition.

Asked at the hearing on his claim whether his wrist had ever improved at any time since the original injury, the claimant testified, "No, sir. I've had two operations and it's just worse now." He further testified that he had done nothing that he was aware of to re-injure the wrist and that the duties of a long-haul driver were less strenuous than those of a local driver in that long-haul driving involved no loading or unloading and less frequent shifting of gears. Although there is no evidence of record which may be said to contradict this testimony, the administrative law judge found as a matter of fact that the claimant's duties as an "over-the-road" driver were more strenuous than

his duties as a local driver and that these new duties were a "preponderating cause" of his subsequent disability. The judge accordingly concluded that the claimant had suffered "an aggravation of a pre-existing condition amounting to a new injury," for which his previous employer was not responsible. The full board affirmed, with one director dissenting on the ground that "[t]he administrative law judge erroneously found a new injury based on 'facts not of record, i.e., that long-distance hauling was more strenuous than local hauling.'" The superior court sustained the board's ruling, and we granted the claimant's application for a discretionary appeal. *Held*:

1. "[W]here there is no actual new accident [after the claimant begins working for a new employer], ordinarily the distinguishing feature that will characterize the disability as either a 'change of condition' or a 'new accident' is the intervention of new circumstances." *Certain v. U. S. Fidelity &c. Co.*, 153 Ga. App. 571, 573 (266 SE2d 263) (1980). "[I]f the subsequent employment presents essentially the same circumstances and environment as the claimant's previous 'ordinary work,' any gradual worsening of the claimant's pre-existing condition in that subsequent employment is not a separately compensable 'accident' proximately arising in that employment but a mere 'change in his condition' stemming from the original trauma for which the original employer was liable." *Slattery Assoc. v. Hufstetler*, 161 Ga. App. 389, 395 (288 SE2d 654) (1982).

There being no evidence in this case to support the ALJ's finding that the work the claimant performed for his subsequent employers was more strenuous than the work he had performed for Howard Baer, Inc., we hold that the board based its conclusion that there was a new accident rather than a change in condition upon an erroneous legal theory. Accord *Slattery Assoc. v. Hufstetler*, supra. *Central State Hosp. v. James*, 147 Ga. App. 308 (248 SE2d 678) (1978); *Hartford Accident &c. Co. v. Troglin*, 148 Ga. App. 715 (252 SE2d 213) (1979). Compare *Beers Constr. Co. v. Stephens*, 162 Ga. App. 87 (290 SE2d 181) (1982) (wherein the aggravation of the claimant's pre-existing injury was held to have resulted from the exceedingly long hours he worked for his new employer); *Certain v. U. S. Fidelity &c. Co.*, supra (wherein the claimant had been forbidden by his original employer to perform the type of strenuous work which led to his disability while working for a subsequent employer).

2. The appellees also defended the claim on the ground that it was barred by the 2-year limitation period set forth in OCGA § 34-9-104. As the board did not reach this contention, it is directed that the case be remanded to the board for consideration of this defense.

*Judgment reversed with direction. Pope and Benham, JJ., concur.*

*Thomas C. Holcomb*, for appellant.
*Robert L. Kiser*, for appellees.