72112. CAREY HILLIARD'S RESTAURANTS, INC.
et al. v. CESARONI.
(347 SE2d 306)

BENHAM, Judge.

In this workers' compensation case, the full board determined that appellee had suffered a new injury and that his former employer, one of the appellants here, was not liable for any further benefits. The

superior court ruled that there was no evidence to support that finding and remanded the case to the board with direction to correct its erroneous finding and to enter an award consistent with the corrected finding.

Our concern in granting a discretionary appeal in this case was with the application of the "any evidence" rule: the superior court held that there was no evidence to support a finding that appellee's injury resulted from an aggravation of his prior condition by his activities on a new job. On review of the entire record, we find the trial court's assessment of the evidence to be correct.

Appellants' argument is based primarily on a series of hypothetical questions directed to a physician. The answers on which appellants rely were those in which the physician conceded that, if conditions were as set out in the hypothetical questions, it would be possible that appellee's worsened condition resulted from an aggravation of his former condition. The weakness in appellants' position is that we cannot find support in the record for the factual predicates of the hypothetical questions. Appellants have not shown and we have not found evidence that appellee was engaged, to the degree hypothesized in appellants' questioning of the physician, in the physical activities which might possibly have aggravated his condition if they had occurred.

To support a conclusion that appellee's condition was the result of a new injury, appellants would have had to present evidence showing that the work appellee performed on his new job was more strenuous than that performed on his old job. *Hampton v. Howard Baer, Inc.*, 172 Ga. App. 513 (1) (323 SE2d 701) (1984). The hypothetical questions were based on the existence of such evidence, but it is not in the record. Under those circumstances, we are constrained to agree with the superior court that the application of the "any evidence" rule does not support the finding of aggravation of a previous condition equivalent to a new injury. Accordingly, we must affirm the trial court's judgment.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JUNE 20, 1986 —
REHEARING DENIED JULY 7, 1986.

*R. Napier Murphy*, for appellants.
*J. Michael Love, Robert M. Ray, Jr.*, for appellee.