73128. BRIGMOND v. SPRINGHILL HOMES OF GEORGIA.
(350 SE2d 846)

SOGNIER, Judge.

Allen Brigmond appeals from the order of the Superior Court of Atkinson County reversing the decision of the State Board of Workers' Compensation awarding him attorney fees against his employer, Springhill Homes of Georgia.

Appellant sustained a work-related injury in March 1984 for which he received workers' compensation benefits from appellee. Appellant saw his treating physician, Dr. Wade Renn, who determined appellant had suffered a 35% permanent partial disability of the body as a whole and released appellant to return to light-duty work. Appellant's designated rehabilitation supplier contacted appellee about a light-duty job for appellant, visited appellee's work site to observe the duties required to perform a mobile home final finish trimmer position, prepared a job description based upon her observations and her talks with the supervisor about that job, and submitted her review to Dr. Renn. Dr. Renn approved the position as appropriate for appellant in view of his physical limitations and on January 2, 1985, appellant returned to work. On that date, appellee suspended

appellant's total disability payments and commenced payment of permanent partial disability benefits. Appellant worked three days, then on January 7, 1985, he informed appellee's production manager that he "was hurting so bad I couldn't stand the pain." Appellant did not return to work and on January 8, 1985, he requested a hearing as to why appellee was not paying compensation for total disability. Appellee filed a request for a hearing on appellant's change in condition on January 28, 1985. Appellant returned to Dr. Renn on February 4, 1985, who found no neurological reason for appellant's multiple complaints or appellant's inability to return to work.

The Administrative Law Judge determined that appellant's condition changed to total disability on January 7, 1985, that appellee knew of this change and that appellee's defense of the proceeding was unreasonable, thereby assessing attorney fees against appellee pursuant to OCGA § 34-9-108. The award of the ALJ was adopted by the Board and appellee appealed to the superior court solely on the issue of attorney fees.

" 'Whether or not reasonable grounds for resisting [an award of compensation] exist is an issue of fact for the board to determine.' [Cit.] However, '[a]ttorney fees may not be awarded where the matter was closely contested on reasonable grounds.' [Cit.]" *Ga.-Pacific Corp. v. Sanders*, 171 Ga. App. 799, 804 (3) (320 SE2d 850) (1984). The evidence in this case shows that when appellant terminated his employment, his treating physician was of the opinion that he was not so disabled that he could not return to light-duty work and that the employment offered by appellee was suitable. Medical evidence available prior to the hearing consisted of Dr. Renn's February 4, 1985 reports, together with reports submitted by appellant's subsequent treating physician showing that appellant was hospitalized in March 1985 for further tests and evaluations. Thus, at the time appellee defended the claim, there was conflicting medical evidence.

"We think the opinions of the doctors who testified disclose that reasonable grounds for defending the matter did exist and were presented. While, in view of other evidence presented by the claimant, it may very well be that the award of compensation was authorized, it was not demanded. The board did not accept the defense made and awarded compensation, but it was not an unreasonable or unfounded defense." *Pacific Employers Ins. Co. v. Peck*, 129 Ga. App. 439, 442 (200 SE2d 151) (1973). "Although [appellee's contention] was ultimately rejected by the board . . . , the record contains no evidence upon which to base a finding of unreasonableness with respect to [appellee's] defense of this claim." *Ga.-Pacific Corp.*, supra, p. 804 (3). Therefore, the finding of the board that appellee's defense was made without reasonable grounds is without evidence to support it and the superior court did not err by reversing the award of attorney

fees to appellant.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED NOVEMBER 18, 1986.

*Joseph J. Hennesy, Curtis Farrar, Jr.*, for appellant.
*Bruce M. Walker*, for appellee.