## A90A1401. MT. VERNON MILLS, INC. v. GUNN.
(397 SE2d 603)

McMURRAY, Presiding Judge.

On October 7, 1987, claimant Gunn's right dominant hand was caught in a machine and burned. She also sustained injury to her shoulder and elbow. Surgery, involving a skin graft, was performed to the hand by Dr. Noggle and the other injuries were dealt with by physical therapy and orthopedic consultation with Dr. McLean.

Claimant returned to work with employer Mt. Vernon Mills, Inc., on January 31, 1989, pursuant to Dr. Noggle's determination that she could return to work with no restrictions. Four days after returning to work, claimant complained of shoulder pain and an appointment was scheduled with Dr. McLean, who told claimant she could continue working and ordered an "MRI" scan.

On February 28, 1989, Dr. McLean told the claimant that the

"MRI" scan was negative and that she could continue working. Although claimant returned to work on that date, at lunch she told her supervisor that she was going home because her arm hurt. When the claimant stayed out of work for six days without calling her employer to explain her absence she was terminated pursuant to corporate policy.

After claimant stopped working she indicated that she would like to see another doctor for a second opinion. Claimant was sent to Dr. Dicks, a neurosurgeon, and to Dr. Richwine, a plastic surgeon. Neither of these physicians found that claimant could not work. Dr. Dicks found that "restrictions would have to be geared in regards to specific use of her hand . . .," while Dr. Richwine observed a videotape depicting claimant's new job and concluded that claimant had no impairment which would prevent her from performing the job.

Upon application of claimant, a hearing was scheduled to determine change in condition and, if appropriate, assess attorney fees pursuant to OCGA § 34-9-108. Claimant sought total disability income benefits from February 28, 1989, while employer denied liability on the theory that claimant was able to work.

The administrative law judge found that claimant had not reached maximum medical improvement, had a 25 percent impairment to her hand related to the compensable injury, and that additional surgical procedures were indicated for claimant. Based on these findings the administrative law judge awarded the reinstatement of benefits as of February 28, 1989. The administrative law judge also found that the employer had full knowledge of claimant's injury and disability when it terminated claimant. The administrative law judge concluded that the employer had defended the claim without reasonable grounds and awarded claimant attorney fees pursuant to OCGA § 34-9-108. The full board adopted the award of the administrative law judge as its own and the superior court affirmed the award of the full board.

We granted the employer's application for a discretionary appeal. On appeal, the employer's sole enumeration of error complains of the finding that it unreasonably defended the claimant's change in condition claim. *Held*:

OCGA § 34-9-108 (b) (1) provides that: "Upon a determination that proceedings have been brought, prosecuted, or defended in whole or in part without reasonable grounds, the administrative law judge or the board may assess the adverse attorney's fee against the offending party." Whether or not reasonable grounds for resisting an award of compensation exist is an issue of fact for board determination. *Southwire Co. v. Crapse*, 190 Ga. App. 383, 384 (378 SE2d 742); *American Motorist Ins. Co. v. Corbett*, 144 Ga. App. 845, 846 (3), 847 (242 SE2d 748).

The physicians who examined claimant were aware collectively, if not individually, of claimant's chronic pain, of the remaining disability from her injury, and of the possible need for further treatment including surgery. Nonetheless, each of these physicians was of the opinion that claimant was able to return to work. This is not a case such as *DeSoto Falls, Inc. v. Brown*, 187 Ga. App. 830, 832 (2) (371 SE2d 462), in which the physician's opinion is explicitly predicated on incomplete data. In the case sub judice, the board, as trier of fact, rejected the expert opinion shared by each of the physicians, substituting its own interpretation of the underlying medical information. The award of compensation was not demanded by the evidence and the conclusions of the board do not amount to evidence of unreasonableness on the part of the employer in predicating its defense on the expert opinions of the physicians. The finding of the board that the employer's defense was made without reasonable grounds is without evidence to support it and the superior court erred in affirming the award of the board. *Brigmond v. Springhill Homes of Ga.*, 180 Ga. App. 875, 876 (350 SE2d 846).

*Judgment reversed. Carley, C. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 28, 1990.

*Goldner, Sommers & Scrudder, Sandra G. Chase*, for appellant. *James N. Butterworth*, for appellee.