A95A1472. PET, INC. et al. v. WARD.
(466 SE2d 46)

RUFFIN, Judge.

We granted Pet, Inc. and National Union Fire Insurance Company's (collectively "Pet") application for discretionary appeal to consider whether their defense of Willie Ward's claim for workers' compensation benefits was unreasonable and therefore warranted the assessment of attorney fees under OCGA § 34-9-108 (b). Because the evidence does not support the full board's determination that Pet's defense of the claim was unreasonable, we reverse the superior court judgment affirming the award.

It is undisputed that while employed as a factory production line worker, Ward sustained two work-related injuries on November 15, 1989 and June 14, 1991, and her back condition gradually worsened until she ceased working on September 2, 1992. The board adopted the ALJ's conclusion that Ward sustained a new accident on September 2, "the date she was forced to cease her employment and her disability manifested itself" and awarded temporary total disability benefits. At this stage in the litigation, Pet does not contest that award. Instead Pet contends it had reasonable grounds to controvert Ward's claim because there was reliable evidence that her September 2 injury originated in May 1992, when Ward was laid off from work for non-medical reasons.

The record shows that Ward was laid off from work from January 2, 1992 until mid-June of that year. On June 2, 1992, during the layoff, she sought chiropractic treatment from Dr. John Ellis for pain in her lower back, right hip and leg. His records indicate that her symp-

toms were "a gradual occurrence." Ward continued to seek treatment from Dr. Ellis on a regular basis until August 18, 1992. Dr. Ellis' records indicate that by Ward's July 14 visit, she had experienced notable improvement, such that her condition was almost completely resolved. Ward took an extended weekend off from July 16 through July 19, 1992. When she returned to Dr. Ellis on July 20, her condition had worsened significantly, almost to the point at which it was when she began treatment. She also saw Dr. Alexander Doman on July 20, 1992. His records show that he evaluated her for lower back pain; that she had a two-year history of lower back pain which had increased over the preceding three months; and that she could not recall any recent trauma.

On September 1, 1992, Ward was extremely upset when she learned that a close friend died from a stroke. At work on the following day, she was nervous, crying, experienced shortness of breath, and almost passed out. She was granted two days emergency leave to attend the funeral. However, she never returned to work after September 2, 1992.

On September 3, 1992, she saw Dr. Mark Kozinn. Dr. Kozinn's records reflect that Ward's problem began on May 28, 1992, when she awoke with pain in her back and that she had been in pain since that date. Ward likewise testified to that fact. She also told Dr. Kozinn that she twisted her back the previous year on the job but that the problem was resolved. On October 23, 1992, Dr. Thomas Croft examined Ward for back pain which Ward said had its origin on May 28, 1992, when she awoke in severe pain in her right hip and down her right leg. Dr. Croft's records show that several days later, Ward began to experience lower back pain.

The ALJ determined that Pet's defense was unreasonable based on the following findings of fact: Ward sustained a work-related injury on November 15, 1989. The condition of her back progressively worsened because of the strenuous demands of her job until she had to stop working in September 1992. Ward's supervisor was aware of her initial injury, a subsequent work-related injury in 1991, and that Ward had complained of back pain off and on since 1989. The ALJ noted that Pet stipulated to knowing that Ward ceased working on September 2, 1992 because of back pain. However, Pet did not concede that the latest onset of pain was work-related.

While the question of whether there are reasonable grounds for resisting an award of compensation is an issue of fact to be determined by the board, attorney fees may not be awarded where the matter is closely contested on reasonable grounds. *Brigmond v. Springhill Homes of Ga.*, 180 Ga. App. 875, 876 (350 SE2d 846) (1986). In this case, it appears that the ALJ completely ignored the evidence supporting Pet's defense. The board does not satisfy its bur-

den of proving that a defense is unreasonable by setting forth its own separate basis for the award. See *Mt. Vernon Mills v. Gunn*, 197 Ga. App. 109, 111 (397 SE2d 603) (1990). Rather, the board must prove by the record that there is " 'evidence upon which to base a finding of unreasonableness with respect to [the employer's] defense of [a] claim.' [Cit.]" *Brigmond*, supra. "It is not necessary that the defense presented be such that the award may deny compensation. 'A defense going far enough to show reasonable and probable cause for making it, would vindicate the good faith of the company as effectually as would a complete defense to the action.' [Cit.]" *Pacific Employers Ins. Co. v. Peck*, 129 Ga. App. 439, 442 (200 SE2d 151) (1973).

The evidence in this case clearly provided a reasonable basis for Pet's contention that Ward's injury occurred on or about May 28, 1992, while she was laid off. Furthermore, the medical records upon which Pet relied to show that the injury occurred on May 28 demonstrate " 'that reasonable grounds for defending the matter did exist and were presented. While, in view of other evidence presented by [Ward], the award of compensation was authorized, it was not demanded. The board did not accept the defense made and awarded compensation, but it was not an unreasonable or unfounded defense.' [Cit.]" *Goode Bros. Poultry Co. v. Kin*, 201 Ga. App. 557, 560 (3) (411 SE2d 724) (1991). Accordingly, the superior court erred in affirming the board's award of attorney fees. *Ga.-Pacific Corp. v. Sanders*, 171 Ga. App. 799, 804 (3) (320 SE2d 850) (1984).

*Judgment reversed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED DECEMBER 5, 1995 —
RECONSIDERATION DENIED DECEMBER 19, 1995 —

*Gorby & Reeves, Michael S. Reeves, Douglas R. Kertscher*, for appellants.

*Moskowitz & Carraway, Bruce H. Carraway III*, for appellee.