A96A1765. AUTRY v. MAYOR & ALDERMEN OF THE CITY OF SAVANNAH.
(475 SE2d 702)

Judge Harold R. Banke.

Berta Ann Autry appeals the trial court's reversal of an assessment of attorney fees against her employer, the Mayor & Aldermen of the City of Savannah ("the City").

Autry strained her left elbow in July 1991 as she lifted bottled water at work. Subsequent to this injury, Autry claimed three other compensable injuries, including an injury to her neck and back suffered in August 1993.[1] Following both the 1991 and 1993 injuries, a

---

[1] Accidents dates are July 12, 1991, August 16, 1993, September 19, 1994, and January 19, 1995. Only the first two accidents are relevant here.

plethora of medical providers became involved in the course of treatment. In April 1994, Autry changed physicians and began seeing Dr. Steven Novack as her authorized treating physician for her left elbow problems. Novack prescribed occupational therapy "to help with carpal tunnel syndrome, reported to be more severe on [her] right side."

After a number of visits by Autry for the prescribed therapy, relying on OCGA § 34-9-221, the City controverted the treatment on the grounds that it was not likely to effect a cure or give relief. The City noted that Autry had been back at her full-time job for some time and that she simultaneously had been working a part-time job at nights and on weekends. More than five months later in response to correspondence from Autry's attorney, Novack altered his earlier statement that the treatment had been prescribed for carpal tunnel and noted, "The occupational therapy prescribed for her was for that left elbow discomfort." At trial, Hugh Summers, Risk Manager for the City, testified that the City disputed-the treatment because the therapy was for bilateral carpal tunnel syndrome, for which no claim had been submitted.

An Administrative Law Judge ("ALJ") awarded Autry medical benefits and found that the City's refusal to pay for the physical therapy directed by her authorized physician was without reasonable grounds and awarded attorney fees under OCGA § 34-9-108 (b) (1). Although the Appellate Division of the State Board of Workers' Compensation ("the board") affirmed the ALJ's award, the trial court reversed the portion of the board's decision assessing attorney fees. The trial court determined that the board overlooked two grounds on which the City based its defense which were in addition to the City's defense that the disputed treatment was for an unrelated condition: (1) that Autry had previously received physical therapy which proved unsuccessful; and (2) that the physical therapy was not likely to effect a cure. See OCGA § 34-9-200 (a). Autry appeals. *Held*:

Autry's sole contention is that the trial court erred in reversing the board's affirmance of the award of attorney fees because the therapy at issue had been prescribed by her authorized physician and the City lacked reasonable grounds for denying her benefits. We disagree. While the question of whether there are reasonable grounds for resisting an award of compensation is an issue of fact to be determined by the board, attorney fees may not be awarded where the matter is closely contested on reasonable grounds. *Brigmond v. Springhill Homes of Ga.*, 180 Ga. App. 875, 876 (350 SE2d 846) (1986). Further, the board does not satisfy its burden of proving that a defense is unreasonable by setting forth its own separate basis for the award. Rather, the board must prove by the record that there is " 'evidence upon which to base a finding of unreasonableness with respect to the employer's defense of a claim.' " (Citation and punctua-

tion omitted.) *Pet, Inc. v. Ward*, 219 Ga. App. 525, 527 (466 SE2d 46) (1995).

In making the determination of whether the matter defended is without reasonable grounds, the board should consider the whole of the evidence. *Pacific Employers Ins. Co. v. Peck*, 129 Ga. App. 439, 441 (200 SE2d 151) (1973). Here, it appears that the board ignored or failed to consider part of the evidence supporting the City's defense because at the time the City controverted the treatment at issue, there was conflicting medical evidence. Six months earlier, a physical therapist observed that Autry's outward activities failed to comport with her subjective complaints of pain. The evidence fails to show that Dr. Novack was aware that another physician had prescribed an unsuccessful round of therapy for pain radiating into Autry's shoulders and arms. Moreover, according to Novack's note of June 3, 1994, the disputed therapy had proven fruitless: "[Autry] says every time she goes to therapy her pain increases tremendously. I spoke with the occupational therapist involved, Bob. He told us that he is barely working with her at all secondary to her pain behavior. He is very surprised anything he is doing is intensifying her pain to this degree." Prior to receiving notice of the City's decision to controvert, Novack reported on June 10, 1994, "We had to stop therapy secondary to therapy increasing her pain threshold."

Given the evidence that Autry's subjective manifestations of pain failed to correspond with objective medical findings, Autry's failure to improve after an earlier cycle of physical therapy, and Novack's contemporaneous notes indicating that the May-June treatments were likewise ineffective, it cannot be said that the prescribed therapy was likely to effect a cure or give relief. OCGA § 34-9-200 (a).

In view of the evidence presented, the award of attorney fees was not demanded. The fact that the board did not accept the City's defenses does not necessarily render those defenses unreasonable or unfounded. *Brigmond*, 180 Ga. App. at 876; *Goode Bros. Poultry Co. v. Kin*, 201 Ga. App. 557, 560 (3) (411 SE2d 724) (1991). Therefore, the finding of the board that the City's defense was made without reasonable grounds is without evidence to support it, and the superior court did not err by reversing the award of attorney fees to Autry. *Ga.-Pacific Corp. v. Sanders*, 171 Ga. App. 799, 804 (3) (320 SE2d 850) (1984).

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 9, 1996 — 

*Zipperer & Lorberbaum, Ralph R. Lorberbaum, Eric R. Gotwalt*, for appellant.

*Oliver, Maner & Gray, Patricia T. Paul, Patrick T. O'Connor, Wiseman, Blackburn & Futrell, James B. Blackburn*, for appellee.