A06A1468. CYPRESS INSURANCE COMPANY v. DUNCAN.
(636 SE2d 159)

SMITH, Presiding Judge.

Following this court's grant of its application for discretionary appeal, Cypress Insurance Company (Cypress) seeks review of the superior court's order affirming a decision of the Appellate Division of the State Board of Workers' Compensation (the board). The board affirmed a ruling by an administrative law judge (ALJ) granting Tammy Duncan income benefits for permanent partial disability, and it allowed Cypress to offset temporary total disability income benefits overpaid to Duncan. Because Cypress was not afforded notice or an opportunity to be heard on the issue of permanent partial disability, we reverse in part but affirm the remainder of the superior court's judgment.

> In reviewing a workers' compensation award, both this court and the superior court must construe the evidence in the light most favorable to the party prevailing before the appellate division. It is axiomatic that the findings of the State Board of Workers' Compensation, when supported by any evidence, are conclusive and binding, and that neither the superior court nor this court has any authority to substitute itself as a fact finding body in lieu of the Board.

(Citations, punctuation and footnote omitted.) *MARTA v. Bridges*, 276 Ga. App. 220, 221 (623 SE2d 1) (2005).

Construed in the light most favorable to Duncan, the evidence showed that in August 2003, Duncan began working as a waitress at a diner owned by her mother Hazel Bynum and stepfather Eddie Bynum. In September, Eddie Bynum prepared the following agreement signed by Duncan and the Bynums:

> As of September 6th, 2003 — I, Eddie Bynum, lease Bynum's Diner to Hazel Bynum and Tammy Duncan for $800.00 a month. I am completely out of it for 6 mos. At which time they

(Hazel Bynum and Tammy), have the option of renewing this contract[,] for another 6 mos. They are responsible for all repairs, taxes and expenses for Bynum's Diner. The bank account at CBC will remain the same.

Duncan then began doing paperwork and bookkeeping for the diner in addition to occasionally waiting tables and performing other duties.

On October 30, 2003, Duncan was injured when she slipped off a ladder and fell onto both knees. The diner's insurer, Cypress, paid Duncan temporary total disability benefits beginning in November 2003. On April 2, 2004, however, Cypress notified Duncan that it intended to controvert her claim based on alleged newly discovered evidence that Duncan was not an employee of the diner but a co-owner.[1] Cypress then suspended Duncan's benefits effective April 18, 2004. Duncan quit her job at the diner in April 2004. The ALJ found that she did not make a diligent effort to find new employment.

Following a hearing, the ALJ determined that Duncan was an employee of the diner, not an owner, and that Cypress therefore could not deny her coverage under the diner's workers' compensation policy. The ALJ further found that because Duncan worked in the diner sporadically beginning in December 2003, she experienced a change in condition such that Cypress could suspend the payment of temporary total disability income benefits. The ALJ then awarded Duncan permanent partial disability benefits effective December 2003 to April 2004 in light of medical evidence that Duncan had some permanent disability in both legs. The ALJ also ruled that Cypress could offset permanent partial disability benefits with the overpayment to Duncan for temporary total disability benefits. The board adopted the ALJ's award, and the superior court affirmed.

1. Cypress contends that the evidence did not support the finding that Duncan was simply an employee and not an owner of the diner. Cypress argues the September 2003 agreement shows that Duncan and her mother intended to operate the diner as co-owners or partners. OCGA § 14-8-6 (a) defines a partnership as "an association of two or more persons to carry on as co-owners a business for profit and includes, for all purposes of the laws of this state, a limited liability partnership." And "the true test to determine whether a partnership has been created is the intention of the parties." (Citation and

---

[1] If Duncan were an owner, she would not have been entitled to workers' compensation benefits because she did not notify Cypress that she elected to be included under coverage as a partner/employee. See OCGA § 34-9-2.2.

footnote omitted.) *Antoskow & Assoc. v. Gregory*, 278 Ga. App. 468, 470 (629 SE2d 1) (2005).

Here, the agreement showed that Duncan's stepfather did not sell or transfer ownership of the diner, but rather allowed Duncan and her mother to lease it for six months, after which they had the option of renewing the agreement for an additional six months. There was testimony by both Duncan and her mother that the intention of the agreement was to make Duncan a co-manager and not a co-owner. Duncan testified that she made no agreement to share in the diner's profits, and that she understood that she was going to take over her stepfather's duties as manager. Duncan's mother testified that she and Duncan were to split half of any profits at the end of six months. She explained, however, that she did not intend to transfer ownership to Duncan before she retired. She testified further that the diner produced no profits at the end of the six-month period.

Cypress argues that the ALJ and the board should have considered only the objective intent of the parties rather than their subjective intent to create only a management position for Duncan. However, there is also evidence that the bank account in Eddie Bynum's name did not change, nor did the business's tax information, and that Duncan was not personally responsible for taxes, expenses, or business losses.

The ALJ concluded that the evidence showed only that Duncan was to receive additional compensation as an employee/manager. Although there was no evidence to support this particular conclusion, there was some evidence from which the ALJ could have concluded that Duncan was an employee and not an owner. Therefore, the superior court properly affirmed this portion of the board's ruling. See *Southwire Co. v. Molden*, 223 Ga. App. 389, 392 (477 SE2d 646) (1996) (superior court must affirm where evidence supports findings of ALJ and board).

2. Cypress contends that the written agreement shows that Duncan was never entitled to compensation, and it challenges the ALJ's finding that the agreement was not newly discovered evidence entitling it to controvert Duncan's original award. The ALJ found that the agreement could have been discovered with reasonable diligence.[2] See OCGA § 34-9-221 (h) ("[w]here compensation is being paid without an award, the right to compensation shall not be controverted except upon the grounds of change in condition or newly discovered evidence"). Because both the ALJ and the board rejected

---

[2] The ALJ further found that Cypress's notice to controvert on the basis of this alleged newly discovered evidence was untimely filed.

Cypress's assertion that Duncan was an owner, the issue whether this was newly discovered evidence is both irrelevant and moot.

3. Cypress contends that the board erred in failing to address its claim of fraud. Cypress alleged that Duncan, in order to obtain workers' compensation benefits, "lied while under oath when she testified . . . that she had not gone back to work in December, when in fact she had." Cypress hired an investigator who testified he had observed Duncan working in the diner on several occasions in December 2003 and January 2004. Duncan admitted that she worked in the diner some in December 2003, although she was not paid, and that she began working part-time in February 2004.

The record reveals that the ALJ considered evidence that Duncan returned to work in December 2003. He determined that although Duncan testified that she was not paid for work prior to February 2004, work suitable for her impaired condition "and by which she could have reduced or terminated her economic disability caused by her . . . injury, was available to her beginning December 9, 2003." The ALJ found that, as a manager, whether Duncan was to be paid for the work she did beginning in December 2003 "was a matter within her discretion." Finally, the ALJ concluded that benefits paid to Duncan after December 9, 2003 "[were] not due when paid," and he allowed Cypress to offset this overpayment from the award of permanent partial disability income benefits. It appears, then, that the ALJ considered the facts underlying the fraud claim. The ALJ implicitly rejected Cypress's fraud claim but determined nevertheless that Duncan was not entitled to temporary total disability benefits after December 9.

4. The parties agree that the issue of permanent partial disability was not properly before the ALJ.[3] The ALJ sua sponte awarded Duncan permanent partial disability income benefits, finding that she had a four percent permanent partial disability to her left leg and a seven percent permanent partial disability to her right leg. The board affirmed this finding.

"Under the Workers' Compensation Act the employer is entitled to notice and an opportunity to be heard prior to being required to pay benefits." (Citation, punctuation and footnote omitted.) *Holliday v. Jacky Jones Lincoln-Mercury*, 251 Ga. App. 493, 495 (1) (554 SE2d 286) (2001). The record reveals that Duncan was awarded temporary total disability benefits due to her injury and that the issue of permanent partial disability benefits was not raised by either party. Duncan conceded in her brief to the superior court that the issue was first raised by the ALJ in its ruling. Under these circumstances, we

---

[3] Duncan conceded this point at oral argument before this court.

conclude that Cypress was not afforded notice or an opportunity to be heard on the issue of permanent partial disability benefits. See id. (reversing award of permanent partial disability benefits where party did not have opportunity to be heard on the issue).

We therefore reverse the superior court's affirmance of the award of permanent partial disability benefits to Duncan and remand with direction that the case be returned to the Board of Workers' Compensation for a hearing limited to this issue. We affirm the remainder of the judgment.

*Judgment affirmed in part and reversed in part, and case remanded with direction. Ruffin, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 6, 2006.

*Goodman, McGuffey, Lindsey & Johnson, C. Wade McGuffey, Jr., Benjamin M. Perkins*, for appellant.

*Closson, Bass & Tomberlin, J. Michael Bass*, for appellee.