A07A1890. L & S CONSTRUCTION et al. v. LOPEZ.

(660 SE2d 1)

RUFFIN, Judge.

L & S Construction ("L & S") and Canal Insurance Company c/o O'Steen Adjusting Service ("Canal") appeal from an order requiring them to pay attorney fees under OCGA § 34-9-108 (b) to Martin Lopez ("Lopez") and Bob St. John Construction, LLC ("St. John"). For reasons that follow, we reverse.

Lopez was injured while working a construction job on April 6, 2004. He made a workers' compensation claim and, after a hearing before an administrative law judge ("ALJ"), was awarded temporary total disability benefits, temporary partial disability benefits, reimbursement of his medical bills, future medical treatment, attorney fees, and costs of litigation. The ALJ found that Lopez was employed by L & S, which had been hired by St. John to frame the house on which Lopez was working when he was injured. The ALJ awarded both Lopez and St. John attorney fees pursuant to OCGA § 34-9-108 against L & S and its insurance company, Canal, "for unreasonable defense of this claim."

L & S and Canal appealed the award to the appellate division of the State Board of Workers' Compensation, which reversed the initial order only as to the issue of attorney fees. The appellate division found that "a reasonable dispute existed on the issue of employment of [Lopez]" and thus the assessment of attorney fees against L & S and Canal was not warranted. Lopez and St. John appealed the appellate division's ruling to the Superior Court of Jones County.

The superior court reversed the appellate division's ruling on the issue of attorney fees, finding that "there were no reasonable grounds to dispute the employment status of the injured worker." L & S and Canal now appeal that order, arguing that the superior court erred in reversing the appellate division's ruling because it applied the wrong standard in reviewing the appellate division's findings.

When reviewing a workers' compensation award, we construe the evidence in a light most favorable to the party prevailing before the appellate division and will uphold the Division's factual findings if there is any evidence to support them.[1] "When supported by any evidence, findings of fact by the state board are conclusive and binding on reviewing courts, and judges lack authority to set aside an award based on disagreement with the board's conclusions."[2]

---

[1] See *Cypress Ins. Co. v. Duncan*, 281 Ga. App. 469 (636 SE2d 159) (2006).

[2] *Seabolt v. Beaulieu of America*, 255 Ga. App. 750, 752 (566 SE2d 444) (2002); see *Cypress Ins. Co.*, supra at 469 (" '[N]either the superior court nor this court has any authority to substitute itself as a fact finding body in lieu of the [Workers' Compensation] Board.' ").

L & S and Canal contend that the superior court erred in making its own factual findings rather than applying the any evidence standard to the appellate division's factual findings. We agree. Here, the appellate division found that, based on the evidence submitted at the hearing, "a reasonable dispute existed on the issue of employment of [Lopez]." Accordingly, it reversed the ALJ's award of attorney fees under OCGA § 34-9-108, which provides for the award of attorney fees only "[u]pon a determination that proceedings have been brought, prosecuted, or defended in whole or in part without reasonable grounds."[3]

Because there is some evidence to support the appellate division's factual findings, the superior court should have affirmed its decision.[4] L & S and Canal presented evidence — albeit controverted — that Lopez was not employed by L & S on the day he was injured. There was testimony that Lopez was working not for L & S — which was owned by Jim Lawhorne, Jr. — but for his father, Jim Lawhorne, Sr., who did not have workers' compensation coverage. L & S and Canal argued that, under this scenario, St. John could have been statutorily liable for Lopez's damages. An employer's defense of a claim may be reasonable even if it is not ultimately successful.[5] The appellate division concluded that the evidence put forth by L & S and Canal demonstrated a reasonable dispute as to Lopez's employment. As there is some evidence to support this conclusion, the superior court was required to affirm the appellate division's decision that attorney fees were not warranted.[6] Accordingly, we reverse the superior court's order awarding attorney fees to Lopez and St. John.

*Judgment reversed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED NOVEMBER 26, 2007 —
RECONSIDERATION DENIED MARCH 27, 2008 — 

*Carlock, Copeland, Semler & Stair, Robert C. Semler, Amy J. Urban, Wall & Elliott, James M. Elliott, Jr., Mary M. Brannen,* for appellants.

---

[3] OCGA § 34-9-108 (b) (1).

[4] See *Pet, Inc. v. Ward*, 219 Ga. App. 525, 526 (466 SE2d 46) (1995) ("While the question of whether there are reasonable grounds for resisting an award of compensation is an issue of fact to be determined by the board, attorney fees may not be awarded where the matter is closely contested on reasonable grounds.").

[5] See id.; *Autry v. Mayor &c. of Savannah*, 222 Ga. App. 691, 692 (475 SE2d 702) (1996); compare *Capital Atlanta v. Carroll*, 213 Ga. App. 214, 216 (2) (444 SE2d 592) (1994) (employer's defense was unreasonable in light of "uncontroverted" testimony).

[6] See *Employer's Ins. of Wausau v. Brown*, 147 Ga. App. 866 (2) (250 SE2d 575) (1978).

*Moskowitz & Carraway, David H. Moskowitz, Lara M. Gardner, Beverly A. Peters*, for appellee.