A09A0119. HOME DEPOT et al. v. PETTIGREW.
(680 SE2d 450)

ANDREWS, Presiding Judge.

We granted Home Depot and its workers' compensation servicing agent's (collectively, "Home Depot") application for discretionary appeal from the superior court's order striking a factual finding in an administrative law judge's ("ALJ") compensation award. Because the superior court has authority only to affirm, reverse, or remand for further proceedings, it exceeded its authority by striking a portion of the award. For reasons that follow, we conclude that the

superior court should have remanded the case to the State Board of Workers' Compensation for a further evidentiary hearing.

This case arose when Home Depot employee Joan Pettigrew twisted her ankle at work in 2003 and was treated with physical therapy and, eventually, surgery. In addition to her ankle injury, Pettigrew also began experiencing back problems which she and her treating physician attributed to the changes in her gait as a result of the ankle injury. Home Depot paid her workers' compensation income benefits for temporary total disability. Subsequently, Pettigrew filed a request that her injury be designated as catastrophic. She attached the records from her treating physician who opined that she was incapable of any level of sustained work activity.

Following the hearing, the ALJ issued an order finding that Pettigrew's ankle injury was catastrophic within the meaning of OCGA § 34-9-200.1 (g) (6). The ALJ further found, however, that Pettigrew's back problems "are degenerative and not due to the twisted ankle accident or its sequelae."

Home Depot did not appeal the ALJ's determination that the injury was catastrophic. Pettigrew, however, appealed the determination that her back problems did not stem from her ankle injury. She argued to the Appellate Division of the State Board of Workers' Compensation that the ALJ's factual finding that her back problem was not work-related could not stand because she had not received sufficient notice that the compensability of the back problem would be an issue at the hearing. Specifically, she stated that after her treating physician noted low back pain related to the official injury, the employer/insurer never controverted this, did not deny coverage for the injury, and did not add the issue of compensability for this injury to its request for a hearing. In addition, Pettigrew pointed out that the ALJ framed the issue to be tried solely as whether she was entitled to a "catastrophic" designation under OCGA § 34-9-200.1 (g) (6).

The Appellate Division found that Pettigrew herself raised the issue of the compensability of her back problem in her form requesting catastrophic designation. The Appellate Division also found that both Pettigrew and Home Depot were "given an opportunity to present medical evidence regarding whether or not the employee's back problems were related to the work accident."

Pettigrew appealed to the superior court and the superior court struck the factual finding that Pettigrew's back problems were not a compensable injury, concluding that the issue was not properly before the ALJ at that time because Pettigrew had not been given notice and an opportunity to be heard on the issue of the compensability of her back injury. The court noted that the case was before the ALJ on Pettigrew's request for catastrophic designation, and

neither party's pleadings contested the notion that her injuries were compensable. "Rather, the focus of the pre-hearing pleadings, the hearing itself, and the post-hearing briefs was entirely upon the catastrophic nature of her injuries." Further, because Home Depot had paid her medical expenses related to her injuries for several years, Pettigrew "firmly believed that the issue of compensability was well settled." The Court noted that only one piece of evidence in the record — the independent medical examiner's report — challenged the notion that the back problem was work-related, but the court concluded that Pettigrew's failure to object to that report did not constitute implied consent to trying the compensability issue because that report was "relevant to both the pled and unpled issues." Accordingly, the court ruled that "the ALJ's finding of fact that the Claimant's back injury is not compensable should be stricken from the original award." This appeal followed.

1. The superior court correctly determined that the issue of whether Pettigrew's back injury was compensable was not properly before the ALJ or the Appellate Division. The law is that in order for an issue to be determined at a hearing, a party must either have notice and an opportunity to be heard on the issue *or* have given express or implied consent for the issue to be heard. See *Cypress Ins. Co. v. Duncan*, 281 Ga. App. 469, 472-473 (4) (636 SE2d 159) (2006); *Holliday v. Jacky Jones Lincoln-Mercury*, 251 Ga. App. 493 (554 SE2d 286) (2001).

The record shows that at the hearing on Pettigrew's request for catastrophic designation, Pettigrew testified that in addition to her ankle problem, she also had pain in her lower back because she was walking incorrectly due to the ankle injury. Pettigrew submitted the report of Earl Thompson, a vocational specialist, who wrote that in addition to Pettigrew's ankle inversion, "[s]he also reportedly developed back pain symptoms as a result of having to walk in a manner that displaced weight away from her ankle." Thompson opined that based on Pettigrew's continuing symptoms, she would be "an unreliable worker."

Home Depot submitted the report of Dr. Thomas Hopkins, who conducted an independent medical examination of Pettigrew. Hopkins concluded that Pettigrew could perform "the usual on the job activities required of a patient of her age, sex and build." He also concluded that there was no evidence that her reported back pain stemmed from the work-related ankle injury.

Home Depot claims that the above evidence shows that Pettigrew was on notice that the issue of compensability for her back injury was properly raised. First, Home Depot cites to Pettigrew's form requesting catastrophic designation. On that form, Pettigrew listed both her ankle and back problems, but nothing on the form

suggests that Pettigrew believed the compensability of either problem was at issue. The issue was whether Pettigrew's injuries were sufficiently severe to merit catastrophic designation, not whether those injuries were compensable in the first place.

Second, Home Depot points to Thompson's vocational assessment. Although that assessment mentions both the ankle and back injuries, it says nothing about whether the back injury was compensable. Third, Home Depot mentions Pettigrew's testimony at the hearing that her back injury stemmed from her ankle injury. This testimony, however, was merely a response to a question about when her ankle injury occurred. Pettigrew was testifying about chronology, not causation. Neither Pettigrew's testimony nor anything else in the hearing transcript suggests that the parties or the ALJ believed compensability was an issue.

Finally, Home Depot relies on the report of the independent medical examiner, who admittedly opined that Pettigrew's back problems were not work-related. We agree that implied consent to try a new issue may arise "when a party fails to object to evidence relating to a new issue." *Holliday*, supra at 496. Such consent does not arise, however, if the parties do not squarely recognize the new issue as an issue in the trial. Furthermore,

> where a party does not object to evidence because it is relevant to an issue made by the pleadings, and there is no evidence [that] the party offering such evidence was seeking to amend the pleadings, a non-objecting party can scarcely be held to have given [his] implied consent to trial of unpled issues.

(Punctuation and footnote omitted.) Id.

In this case, Hopkins' report was relevant to the issue of the extent of Pettigrew's impairment — indeed, that was the question Hopkins was engaged to address. As the superior court found, Pettigrew's failure to object to Hopkins' report does not show that she "squarely recognized" compensability to be an issue at the hearing.

Therefore, because there was no evidence that Pettigrew had notice and an opportunity to be heard on the issue of compensability, or gave implied consent to trial of that issue, the ALJ erred as a matter of law in making factual findings on that issue. See *Holliday*, supra at 496-497.

2. We agree with Home Depot, however, that the superior court was not authorized to strike the ALJ's finding that the back injury was not work-related. "The superior court, upon appeal, is authorized only to affirm, reverse or, under certain circumstances, remand

to the board for further hearing." *Subsequent Injury Trust Fund v. Knight Ridder Newspapers &c.*, 203 Ga. App. 458, 460 (416 SE2d 887) (1992).

In *Holliday*, supra, the superior court reversed an ALJ's award finding that the ALJ had improperly considered an issue of which the claimant did not have adequate notice. We agreed with the superior court and affirmed its finding of inadequate notice. However, recognizing that the evidence presented at the hearing in that case did, in fact, raise the issue in question, we remanded the case with direction that the case be recommitted to the State Board of Workers' Compensation for a hearing on the issue. Id. at 497.

As discussed above, the evidence at the hearing in this case did raise the issue of whether the back injury was compensable. Accordingly, under *Holliday*, the appropriate procedure is to remand to the State Board of Workers' Compensation for a hearing on the issue of whether the back injury is a compensable injury for purposes of the Workers' Compensation statute. See *Holliday*, supra at 497. Because the superior court did not do so, we are vacating its order and remanding with instruction that the case be recommitted to the State Board of Workers' Compensation for a further evidentiary hearing.

*Judgment vacated and case remanded with direction. Miller, C. J., and Barnes, J., concur.*

DECIDED JUNE 2, 2009 —
RECONSIDERATION DENIED JUNE 24, 2009.

*Kissiah & Lay, Richard C. Kissiah, Nicholas R. West*, for appellant.

*Lauren L. Benedict*, for appellee.