**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 25, 2013**

# In the Court of Appeals of Georgia

A13A0542. CHO v. MOUNTAIN SWEET WATER INC.            DO-031

DOYLE, Presiding Judge.

We granted this discretionary appeal from a decision of the Appellate Division of the State Board of Workers' Compensation affirmed by operation of law pursuant to OCGA §§ 34-9-105 (b), (d). Dong An Cho appeals that portion of the decision adopting a ruling by the Administrative Law Judge ("ALJ") that Cho waived his claim for attorney fees under OCGA §§ 34-9-108 (b) (2) and 34-9-126 (b). For the reasons that follow, we reverse and remand.

> In reviewing a workers' compensation award, this [C]ourt must construe the evidence in the light most favorable to the party prevailing before the appellate division. In addition, the findings of the [Board], when supported by any evidence, are conclusive and binding, and neither the superior court nor this [C]ourt may substitute itself as a factfinding body in lieu of the State Board. But erroneous applications

of law to undisputed facts, as well as decisions based on erroneous theories of law, are subject to a de novo standard of review.[1]

So viewed, the record shows that Cho was an employee of Mountain Sweet Water, Inc. ("MSW") when he suffered a compensable injury in January 2011. . In April 2011, Cho filed a notice of claim seeking total temporary disability benefits as well as penalties under OCGA § 34-9-221 (e) and attorney fees under OCGA § 34-9-108 (b) (1) and (2) and "other . . . additional penalties and attorney fees."[2] Also in April, the Board issued a notice of hearing stating that the issues to be determined included those listed on the claim notice as well as penalties pursuant to OCGA § 34-9-126. The Board also issued an order requiring Cho's employer to submit "evidence of its compliance with [OCGA §§] 34-9-120, 121, and 126, or show cause why it should not be subject to penalties . . . for refusal to comply with those Code sections . . . ."

---

[1] (Punctuation omitted.) *Med. Center, Inc. v. Hernandez*, 319 Ga. App. 335, 335-336 (1) (734 SE2d 557) (2012).

[2] The notice of claim form has boxes available for attorney fees under OCGA § 34-9-108 (b) (1) & (2) and "other." The form does not provide a space to specify the "other" fees sought, but Cho wrote in "uninsured employer subject to additional penalties and fees."

At the hearing, Cho argued that he was entitled to attorney fees due to the employer's alleged bad faith in refusing the claim and denying his employee status. Cho's counsel gave testimony as to his hourly rate and the time spent on the case. After the hearing, at the direction of the ALJ, the parties submitted briefs; Cho's brief specifically requested attorney fees, outlining the fees incurred up to that date.

In December 2005, the ALJ made an award, noting the issues to be determined, and finding Cho to be an employee covered by the Workers' Compensation Act. The award stated that the assessment of attorney fees based on OCGA § 34-9-126 was among the issues to be determined. The award later stated that Cho was not entitled to the assessment of attorney fees "because the defense of the claim has not been unreasonable," citing OCGA § 34-9-108 (b) (1) and *Brigmond v. Springhill Homes of Ga.*,[3] which addressed attorney-fee awards under that Code section. The award did not address the availability of attorney fees under any other Code section.

Cho requested an amended award to address certain issues, including the availability of attorney fees under OCGA § 34-9-126 (b). The ALJ did issue an amended award, but she found that Cho had not raised that issue at the hearing, and he therefore waived the issue of attorney fees under that Code section. The amended

_____

[3] 180 Ga. App. 875, 876 (350 SE2d 846) (1986).

award also reiterated the denial of attorney fees under OCGA § 34-9-108 (b) (1), finding that the defense of the claim was not unreasonable.

Cho timely filed an appeal to the Appellate Division, which adopted the ALJ's award, and Cho's appeal to the Superior Court of Fulton County resulted in an affirmance by operation of law after the superior court failed to issue a ruling in accordance with OCGA § 34-9-105 (b). We granted Cho's application to address Cho's argument that the ALJ and Appellate Divsion erred by ruling that he waived the issue of attorney fees under OCGA §§ 34-9-108 (b) (2) and 34-9-126 (b).

In his notice of claim, Cho sought an award of attorney fees (i) under OCGA § 34-9-108 (b) (1) & (2), and (ii) because his employer was uninsured, which fees are codified at OCGA § 34-9-126 (b), as noted by the ALJ in her original and amended awards. OCGA § 34-9-108 (b) provides as follows, in relevant part:

> (1) Upon a determination that proceedings have been brought, prosecuted, or defended in whole or in part without reasonable grounds, the administrative law judge or the board may assess the adverse attorney's fee against the offending party.

> (2) If any provision of Code Section 34-9-221 [pertaining to payment of income benefits], without reasonable grounds, is not complied with and a claimant engages the services of an attorney to enforce his or her rights under that Code section and the claimant

4

prevails, the reasonable quantum meruit fee of the attorney, as determined by the board, and the costs of the proceedings may be assessed against the employer.

OCGA § 34-9-126 (b) provides as follows:

Any employer subject to the compensation provisions of this chapter who refuses or willfully neglects to comply with subsection (a) of this Code section [requiring annual filings evidencing compliance with the Workers' Compensation Act] shall be guilty of a misdemeanor. In hearing any application for compensation by an injured employee of such delinquent employer, the board may assess compensation against such employer in an amount 10 percent greater than that provided for in this chapter and, in addition to the increased compensation, shall also fix a reasonable attorney's fee to be paid by the employer to the representative of the employee.

It is clear from Cho's notice of claim that he sought attorney fees pursuant to OCGA §§ 34-9-108 (b) (1) & (2), as well as § 34-9-126 (b), but the ALJ's amended award only considered (and rejected) an award under OCGA § 34-9-108 (b) (1). The ALJ's ruling as to that subsection is couched in terms of the reasonableness of the employer's defense of the claim. We find no error as to that ruling,[4] as far as it goes,

_____

[4] See *Pet, Inc. v. Ward*, 219 Ga. App. 525, 526 (466 SE2d 46) (1995) ("While the question of whether there are reasonable grounds for resisting an award of compensation is an issue of fact to be determined by the board, attorney fees may not

5

but it makes reference to only OCGA § 34-9-108 (b) (1) and fails to address the basis for an award under OCGA § 34-9-108 (b) (2), which speaks to the reasonableness of an employer's failure to pay income benefits. Further, with respect to OCGA § 34-9-126, the ALJ's award initially notes that he sought an award under that section, but later explicitly declines to rule on it on the basis of waiver.

Nevertheless, Cho's claim stated each of the three grounds for a fee award, the Board's show cause order listed compliance with OCGA § 34-9-126 as an issue to be determined, and his attorney presented argument seeking attorney fees at the hearing. Having so plead and argued his claim for attorney fees, Cho's conduct as reflected by the record fails to support the ALJ's finding that Cho waived his claim to attorney fees under OCGA §§ 34-9-108 (b) (2) and 34-9-126 (b). Accordingly, we reverse the finding of waiver and remand for consideration of Cho's stated claims of attorney fees under OCGA §§ 34-9-108 (b) (2) and 34-9-126 (b).

*Judgment reversed and case remanded with direction. McFadden and Boggs, JJ., concur.*

---

be awarded where the matter is closely contested on reasonable grounds."); *Brigmond*, 180 Ga. App. at 876 ("Whether or not reasonable grounds for resisting an award of compensation exist is an issue of fact for the board to determine.") (punctuation omitted).